Battle, J.
 

 The objection made by the plaintiff’s counsel, that no appeal lies from the County to the Superior Court, on a judgment given in a petition for a cart-way, is clearly-untenable. It was settled to the contrary by the decision of the Court i-n the case of
 
 Ladd
 
 v.
 
 Hairston,
 
 1 Dev. Rep. 368. No appeal was expressly given, in such a case, by the original act of 1798, (ch. 508, Rev. Code of 1820,) and none is now so given by the Revised Code, ch. 101, sec. 37; but in the casé referred to, it was held, that when the person, over whose land the cart-way was sought to be laid out, came in, upon inotice, and was made a party defendant to the petition, he was entitled to appeal under the general law 1777, (ch. 115, sec. 75, of the Rev. Code of 1820) which is re-enacted almost in
 
 todidem verbis
 
 by tbe last Revised Code, ch. 4, sec. 1.
 

 Upon the merits of the case, it is manifest that the judgment of the Superior Court cannot be sustained. In petitions for a private cart-way, as in those for a public road, it is the -exclusive province of the Court to fix the
 
 termini
 
 of the way or road, leaving to the jury the xclusive province of laying out tlie route of such way or road between those
 
 termini;
 
 see
 
 Welch
 
 v.
 
 Piercy,
 
 7 Ire. Rep. 365. That was a petition for a public road, but the principle, decided, applies with equal force to the case of a private cart-way. The judgment in the present •case fixes one, only, of the
 
 termini,
 
 leaving the other entirely indefinite. The way is to start from the house of the petitioner, and is to go in the direction of. Rice’s cross-roads, but
 
 *356
 
 whether it is to
 
 go> to
 
 it, or near it, or to stop short of it, does not appear. The reason why the judgment is thus imperfect, we learn from the statement of the case, is, that the wajr, if laid out over the land of the defendant only, will not reach any public road, the land of another person not before the Court being interposed. The Court has no power to order the laying’ out of a cart-way over the land of another, to stop in the woods. The petition ongbt to have stated the lands of all the persons over which it was intended to pass, and, by notice, to have made the owners parties, and then a proper judgment might have been given fixing the termini, and ordering a jury to lay out the route in such a manner as might be most convenient and proper for all the parties.
 

 The judgment given was erroneous, and must be reversed.
 

 Per Curiam,
 

 Judgment reversed.