J. M. ANDREWS et al. v. D. BEAM.

*Public Road—Gates—Jurisdiction of Commissioners.*

1. Jurisdiction to license the erection of a gate across a public road is conferred by *The Code*, §2058, on the Board of Supervisors of Public Roads. This applies to roads already established.

2. Jurisdiction to lay out, &c., public roads, is conferred by §2023, on the Board of County Commissioners; and in the exercise of this power, they may grant to a party over whose land any new road ordered by them to be laid out may pass, the right to erect gates across such road.

This was a PETITION for the laying out and establishing a new road, brought by appeal of the petitioners from the order of the board of county commissioners of RUTHERFORD county, and heard before *Shipp, Judge,* at the Fall Term, 1885, of the Superior Court of said county.

In November, 1883, more than forty of the citizens, residing in Logan Store township, of Rutherford county, applied to the board of county commissioners by petition in writing, for an order to lay out and establish a public road between certain terminal points therein mentioned, some three miles in length, and over and along a cartway which had long been in use. The proposed road for about half the distance passes over land belonging to D. Beam, who alone by answer resisted the application. Afterwards Beam himself interposed by petition, and asked the board for leave to enclose his Houser plantation of 475 acres, at his own expense, under the stock law then in force, with the right to erect gates across the roads leading through the same.

The following action was taken in the premises by the board :

."In the matter of a petition to lay out a public road from the Punchen branch, on the Shelby and Morganton road, to Logan's Store post-office.

" This cause coming on to be heard upon the petition, and upon the answer of D. Beam, the defendant, and the evidence introduced, it is ordered and adjudged that the prayer in the petition for a public road be granted, and that a public road be laid off as asked for in said petition, beginning at the Punchen branch, on the Shelby and Morganton road, and running thence with the old cart-way to the post-office at Logan's Store; said road to be laid out with as little prejudice to land and enclosures along it as may be, and with as much advantage to the inhabitants as possible.

" And let an order issue, and the sheriff of this county is ordered to summon a jury to lay out the same as the law directs, and to assess any damages private persons may sustain, and make report of the same, and that the petitioners and the defendants each pay one half the costs of this petition.

" The above order is made, and the road to be laid out, upon condition that D. Beam have the privilege of establishing and keeping up two gates on his Houser place, at such points as he may choose, said gates to be kept in good order for the convenience of the public."

From this order the plaintiffs, under §2039 of *The Code,* took an appeal to the Superior Court.

When the case was called for trial, his Honor said that in his opinion there were no issues to be tried by the Superior Court, and dismissed the appeal. From which order the plaintiffs appealed.

*Mr. W. P. Bynum,* for the plaintiffs.
*Mr. M. H. Justice* filed a brief, for the defendant.

SMITH, C. J., (after stating the facts). It will be noticed, that the removal by appeal or otherwise to the Superior Court, authorized by the section referred to, contemplates a trial by jury of any issue of fact which may arise and be-

come material to the action of the commissioners, and while
this is the primary object, it is equally manifest that any
error in law committed by them in exercising the conferred
power, may be inquired into and corrected in the Superior
Court. The appeal given to this Court will, however, bring
up for review only *erroneous* and specified rulings made by
the Judge of the Superior Court.

There is no suggestion in the record of any irregularity or
disregard of the requirements of the statute in. acquiring
jurisdiction of the subject-matter, authorizing the interven-
tion of the Judge of the Superior Court; nor of any contro-
verted fact, to be passed on by the jury. There was then no
wrong pointed out to be redressed by an appeal. The proper
judgment then to be rendered was perhaps one of affirmation,
but the dismissal of the appeal has the same effect in leaving
the action of the commissioners in force and undisturbed.

The appeal to this Court, as is correctly argued in the brief
of counsel of the appellee, can raise the only question of the
legal efficacy of so much of the action of the commissioners
as gives the defendant or contesting party the privilege of
erecting and maintaining two gates on his land across the
road, to be kept "in good order for the convenience of the
public."

The authority to license in proper cases, and thus avoid
the expense of double fencing, the putting up of gates across
a public road is as explicitly conferred in §2058 upon
the board of township supervisors, as is that to establish
highways upon the county authorities, and when an inde-
pendent movement to secure this privilege or *license* in refer-
ence to existing roads is made, it must be before the former
body, to whose discretion the exercise of the power is com-
mitted.

But inasmuch as the laying out of highways is entrust-
ed to the county commissioners, and this may be done
*without* restrictions, we see no reason for refusing the au-

thority to establish them, with such conditions, as without serious detriment to the public, lessen the damages which would otherwise fall upon the owner of the land passed over, and when these conditions are such as may be annexed to the enjoyment of the easement by the separate subsequent action of the subordinate township supervisors. We confine the qualifying restrictions to such as are incident to the use of the public easement, and recognized as such by the law itself. Why, it may be asked, when the public sanction is sought and the whole subject is before a body with ample jurisdiction to allow or refuse the application of those who desire the highway, should the owner of the land over which it is to pass, be driven to another tribunal in seeking a relief which, as incidental to the application, ought to be given as a qualification of the allowance of the highway?

No sufficient reason for denying this right to the commissioners appears to us, and a resort to the form of procedure prescribed in the section (2058) becomes necessary only in cases of roads already established, and this for the greater convenience of the land-owner himself.

There is no error and the judgment is affirmed.

No error. Affirmed.