S. M. McDOWELL et al. v. THE WESTERN NORTH CAROLINA INSANE ASYLUM.

*Appeal—Roads—Trial—Jurisdiction.*

1. An appeal lies from the order of the Board of County Commissioners directing the establishment of a road, before the order has been executed.

2. Upon such appeal the Superior Court hears the matter *de novo*, and the parties are entitled to have the issues of fact joined in the proceeding passed upon by the jury.

This is a SUMMARY PROCEEDING, to establish a road, heard upon a motion to dismiss defendant's appeal from the order of the Board of Commissioners, before *Clark, J.,* at August Term, 1888, of Burke Superior Court.

The plaintiffs filed their petition before the County Commissioners of the county of Burke, suggesting and alleging the necessity for a public road in that county as therein specified, and praying that the Commissioners order the laying out of such road, as allowed by the statute (*The Code*, § 2088.)

The defendant corporation appeared and filed objections to the petition in writing.

Afterwards the County Commissioners heard the matter of the petition and the objections thereto, and upon consideration thereof, made an order directing that the road prayed for be established, and that the Sheriff summon a jury to lay out the same, &c.

From that order the defendant appealed to the Superior Court of the county named. In that Court the plaintiffs moved to dismiss the appeal, which motion was allowed " upon the ground that said appeal was prematurely taken before a final order was made." The defendant having assigned error, appealed to this Court.

*Mr. 1. T. Avery,* for the plaintiffs.
*Mr. S. J. Ervin,* for the defendant.

Merrimon, J. (after stating the case.) This is not a civil action nor a special proceeding, but is a summary proceeding prescribed by the statute (*The Code,* § 2038) to be observed in the establishment and discontinuance of public roads and ferries. It was begun before the County Commissioners, who are invested with power and authority to hear applications for such purposes, " and if sufficient reason be shown the board (of County Commissioners) shall appoint and settle or discontinue the said ferry or order the laying out or discontinuance or alter the said road as the case may be."

The statute (*The Code,* § 2039) expressly allows an appeal to the Superior Court from the decision and order of the

101—42

County Commissioners in such matters. It provides that "in all applications provided for in the preceding section (that first above cited) the Board of County Commissioners may direct how and by whom the costs shall be paid, and any person may appeal to the Superior Court at term time; and if any person shall appeal from the board on such petition he shall give bond to the opposing party as provided in other cases of appeal, and the Superior Court at term shall *hear the whole matter anew;* and where any proceeding is instituted to lay out, establish, alter or discontinue public roads, or to appoint and settle ferries, and the said proceeding is carried to the Superior Court in term time by an appeal or otherwise, the parties to said proceeding shall be entitled to have every issue of fact joined in said proceeding tried in the Superior Court in term time by jury, and from the judgment of the Superior Court either party may appeal to the Supreme Court, as is provided in other cases of appeals in this Code." Thus plainly a litigation is contemplated and appeals are allowed in such matters, but the plaintiffs contend that an appeal did not lie in this case until the jury had laid out the road as directed and made their report, and the Court had taken final action upon the same and the whole matter, and the Court below was of that opinion.

We do not concur in that opinion. The order appealed from was not interlocutory in its nature, but final. It settled and determined the principal matter in controversy—the question whether or not the proposed road should be established. So much of the order as directed that a jury be summoned to lay it out as prescribed by the statute was in execution of the principal final order, and like further orders that may yet be made in the course of the proceeding will be only for the like purpose. Why complete the matters and things to be done merely incident to. and in execution of the principal order before the appeal should lie? It may be that that order will be reversed on appeal and go for

nothing, and hence it would become wholly unnecessary to incur the trouble and expense of carrying it into effect, and indeed it might be important to the party opposing it that it should not be executed to any extent. Obviously, the laying out of the road might give him annoyance and trouble in a variety of ways.

Moreover, the statutory provision allowing the appeal from the order of the County Commissioners establishing or refusing to establish or discontinuing or refusing to discontinue a road or ferry already established, contemplates that an appeal shall lie at once from such order. The province of the Superior Court upon such appeal is not simply to correct errors of law of the County Commissioners. In such case the whole matter of the application is heard *de novo*, and the parties will be entitled to have all the issues of fact raised by the petition, and the objections thereto, tried by a jury. Then, wherefore execute the principal order before an appeal would lie from it? What end could be subserved by delaying the appeal until it could be executed? It is not probable that the dissatisfied party would be content after its execution, because his objection was to establishing the road at all, and his appeal would prevent questions in that respect that he would be entitled to have settled and decided by the Superior Court, not exercising jurisdiction and authority simply to correct errors of law, but to hear and determine the whole matter anew upon the merits as to the facts and the law applicable. It would be idle and nugatory to execute such order before the appeal.

The right to appeal at the same stage of the proceeding, as was done in this case, is incidentally recognized in *Burden* v. *Harman*, 7 Jones, 354; *Pridgen* v. *Anders*, Ibid., 257; and *Andrews* v. *Beam*, 97 N. C., 315. In each of these cases the appeal was taken without delaying to execute the principal order appealed from, and no question was made on that account.

Such appeals do not come within the rule of practice settled by numerous decisions of this Court as to appeals in proceedings for the assessment of damages in the condemnation of land for the right of way, and other purposes, for railroad companies. As to such a company, its right to have and construct its railroad is established, ordinarily, by its charter, and the assessment of the damages is incident to that right; when the proper authority directs such condemnation and assessment, the order must be executed before an appeal lies. This rule rests upon the ground that the right to construct the road is settled, and it is important to the public convenience to expedite its construction, and to that end avoid all unnecessary delays in litigation as to questions arising in the course of the proceeding to ascertain the damages.

Nor does the rule of practice which prevents fragmentary appeals, in the course of an action, to this Court, apply to cases like the present one. This is almost wholly a Court of errors of last resort; it does not hear and determine actions *de novo* upon the whole merits—it only decides questions of law presented by assignments of error, and such as appear upon the face of the record proper, and it is important in point of expediency and reasonable and just procedure that, as far as practicable and consistently with the rights of parties, all questions of law, arising in the course of the action, shall be presented to this Court by one appeal taken from the final judgment.

There is, therefore, error. The Court should not have dismissed the appeal, but should have proceeded to " hear the whole matter anew " according to law.

Error.