J. G. WARLICK v. SARAH LOWMAN.

*Appeal—Roads and Cartways—Road Supervisors—County Commissioners.*

1. The action of township supervisors in ordering the establishment of a cartway is such a final determination of the matter as will support an appeal to the Board of Commissioners, and thence through the Superior to the Supreme Court, although the order may not have been executed.

2. Upon such appeal to the Board of Commissioners, they should have considered the whole matter *de novo* upon the merits, and so likewise the Superior Court, upon appeal to it.

This was a PROCEEDING to establish a cartway, heard upon a motion to dismiss an appeal from the Board of Commissioners, before *Clark, J.,* at August Term, 1888, of BURKE Superior Court.

The plaintiff filed his petition before the Board of Supervisors of the proper township, alleging that it was necessary, reasonable and just that he should have a private way to a public road specified, and to that end "praying for a *cartway* to be kept open across" the lands of the defendant, &c., as allowed in a proper case by the statute (*The Code,* § 2056). The defendant appeared and opposed the petition. The

Supervisors, nevertheless, made an order allowing the prayer of the petitioner. From that order the defendant appealed to the County Commissioners, and they affirmed the order appealed from, and from their order the defendant appealed to the Superior Court in term. Upon motion of the plaintiff, that Court dismissed the appeal, "upon the ground that said appeal was prematurely taken," and thereupon the defendant, having excepted, appealed to this Court.

*Mr. Jno. Gray Bynum*, for the plaintiff.
*Mr. I. T. Avery*, for the defendant.

MERRIMON, J. (after stating the case.) The statute (*The Code*, § 2056) allowing cartways to be laid off in certain cases, among other things provides that "the petitioner or the adverse party may appeal from the order of the Supervisors to the Board of Commissioners of the county, and from the order of the Board of Commissioners to the Superior Court at term, where the issues of fact shall be tried by a jury and from the judgment of the Superior Court to the Supreme Court as in other cases of appeal." So that by express provision of the statute an appeal lay from the order of the Supervisors allowing the cartway and directing that it be laid off as prescribed by law. That order was final in its nature, and as the defendant had the right to appeal from it, it would be idle to execute it before the appeal should be taken. It might be reversed by the County Commissioners or by the Superior Court, on appeal from their order. The County Commissioners, on appeal to them, should have heard the whole matter of the application upon its merits, and not simply upon a statement of the facts and the points of contention by the Supervisors, and so also the Superior Court should have heard it upon its merits as to the facts and the law applicable. That the statute so intends is apparent, from the provision that in the Superior Court "the

issues of fact shall be tried by a jury," and the further provision that the Court may direct either party to pay the costs that may accumulate after the order of the Supervisors. We cannot conceive of a substantial reason why the order allowing the cartway should be executed to any extent until it is settled and determined.

The case of *McDowell* v. *The W. N. C. Insane Asylum,* decided at the present term, is much in point here, and we need not add to what is said in that case.

The Court should not have dismissed the appeal, but should have heard the whole matter brought before it by appeal upon the merits.

The judgment must therefore be reversed, and the matter disposed of according to law.

Error.