MRS. SARAH C. DAILEY v. SARAH M. BAY AND GEORGE G. BAY.

(Filed 24 May, 1939.)

Highway § 15—Appeal will lie to Superior Court from judgment of clerk that petitioner is not entitled to establishment of cartway.

In this proceeding under C. S., 3835, 3836, to establish a private cartway over lands of defendants, the clerk entered judgment that petitioner was not entitled to the relief demanded, and petitioner appealed to the Superior Court. *Held:* The judgment of the clerk determined the rights of the parties and an appeal to the Superior Court was proper and not premature, and the order of the Superior Court remanding the case to the clerk upon the apprehension that an appeal would not lie until after the appointment of a jury of view and the laying out of the cartway and the assessment of damages, is erroneous. The distinction between proceedings to establish a cartway, in which the right to its establishment is the primary question, and proceedings in eminent domain in which petitioner is ordinarily entitled to the easement as a matter of right and the primary question is the bounds of the easement and the assessment of damages, is pointed out.

APPEAL by defendant from *Rousseau, J.,* at January-February Term, 1939, of POLK. Error and remanded.

Petition before the clerk for the establishment of a private cartway from the lands belonging to the petitioner over and across the lands of the defendants to a public road.

The petitioner seeks to have a path or cartway already existing across the lands of the defendants and heretofore used by her established as a private cartway under the provisions of C. S., 3835 and C. S., 3836. The defendants, answering, denied plaintiff's right to a private cartway across their land and alleged that plaintiff's land adjoins the public highway, but that she has conveyed a portion thereof bordering on the public road as a subterfuge to enable her to assert that she had no proper outlet; that the grantee in said deed holds title to the tract of land thus conveyed for the use and benefit of the plaintiff; and that a private cartway from plaintiff's land to the public road was established in 1926, but that the plaintiff and her predecessor in title have failed and refused to construct and use the cartway thus laid off and established.

When the cause came on to be heard before the clerk he entered judgment, finding as a fact and concluding as a matter of law, that: "It is not necessary, reasonable and just for the petitioner to have a cartway over the lands of the defendants, as prayed for in the petition.

"It is, therefore, ordered, adjudged and decreed that the petition of the plaintiff for a cartway be denied and that the petitioner be taxed with the costs of this proceeding."

The petitioner excepted and appealed.

Thereafter, the petitioner served notice on the defendants that she would appear before the judge at term on 30 January and move to have the above entitled cause remanded to the clerk, with instructions to appoint a jury of view to lay off the cartway.

When the said motion came on to be heard, "it appearing to the court that the proper procedure in said cause is for the clerk to rule both upon the facts and the law in said cause to which either the plaintiff or the defendant may note their exceptions, and for the clerk of the Superior Court to then proceed to the appointment of a jury of view to lay off said cartway in accordance with the petition and to assess the damages therefor," the judge, purporting to act in the exercise of his discretion, remanded the cause to the clerk of the Superior Court with directions to appoint a jury of view to lay off said cartway in accordance with the petition filed in this cause and that the said jury assess such damages as the defendants may sustain by reason thereof. It further provides for a report by the jury and exceptions thereto by the injured party.

The defendants excepted and appealed.

*Hamrick & Hamrick for plaintiff, appellee.*
*Thos. H. Franks and J. E. Shipman for defendants, appellants.*

BARNHILL, J. The court below did not purport to act upon the merits of plaintiff's appeal from the clerk. Acting under the apprehension that an appeal would not lie from the clerk's order until the clerk had first followed the procedure outlined by the statute for the laying off of the cartway and the assessment of damages, the judge granted plaintiff's motion to remand. In this there was error.

The judgment of the clerk is final and, until reversed or modified, is determinative of the rights of the parties in this controversy. An appeal therefrom is not premature. This court has heretofore determined this question. In *Warlick v. Lowman,* 101 N. C., 548, 8 S. E., 120, there was an adjudication by the clerk that it was necessary, reasonable and just that the petitioner should have a private way to a public road specified. The defendant appealed before a jury of view was appointed to lay out the cartway and assess the damages. Upon motion of the plaintiff the appeal was dismissed on the ground that it was prematurely taken. This was held for error. *Cook v. Vickers,* 141 N. C., 101, 144 S. E., 312, is to like effect. . Surely the converse is true. If, as the clerk adjudged, the plaintiff is not entitled to a cartway as prayed in her

petition it would be a fruitless waste of time and expense to have a jury of view appointed to lay off and establish a cartway and assess the damages accruing to the defendants by reason thereof. In fact, by the express terms of the statute, C. S., 3836, as amended by ch. 448, Public Laws 1931, the clerk is not authorized to appoint a jury of view until it is first adjudged that it is necessary, reasonable and just that the petitioner shall have a private way to a public road, as prayed in the petition.

C. S., 3835 provides: "From any final order or judgment in said special proceeding, any interested party may appeal to the Superior Court for trial *de novo* and the procedure established under Chapter thirty-three, entitled 'Eminent Domain,' shall be followed in the conduct of said special proceeding in so far as the same is applicable and in harmony with the provisions of this section." Whether this language relates to the procedure after appeal from the clerk, as it seems to indicate, we need not now decide. There is a necessary distinction drawn as to the right of appeal in condemnation proceedings and in proceedings for the establishment of a cartway. Ordinarily the municipal or public service corporation seeking a right-of-way by condemnation is entitled to the easement as a matter of right. The establishment of the bounds of the easement and the assessment of damages are the matters primarily involved. No appeal lies until the easement is laid out and the damages assessed. In proceeding under C. S., 3836, as amended, the right to the cartway is primarily at issue. An adjudication as to that affects a substantial right of the parties and is deemed to be a final judgment from which either party may appeal. Due to this distinction the cases cited by petitioner are not decisive of the question here presented.

Upon the docketing of the appeal upon the civil issue docket the Superior Court acquired full jurisdiction thereof and it is its duty to determine the issues of fact and questions of law involved. If it is finally adjudged that plaintiff is entitled to a cartway across the lands of the defendants as prayed, then, and only then, may the judge in his discretion remand the cause to the clerk for the procedural action necessary under the statute for the execution of the judgment rendered. C. S., 637.

The cause is remanded to the end that it may be reinstated upon the civil issue docket of the court below for further proceedings.

Error and remanded.