DOW TRIPLETT AND WIFE, VELMA TRIPLETT, v. ROBERT B. LAIL, W. H. BARKER, R. F. BURRIS, AND GUILFORD REALTY & INSURANCE COMPANY.

(Filed 26 March, 1947.)

**Highways § 15: Courts § 4c—**

In a proceeding to establish a cartway or way of necessity from lands of petitioners to a State Highway, G. S., 136-68, G. S., 136-69, an order of the clerk adjudging that petitioners are entitled to the relief and appointing a jury of view to "lay off" the cartway, is a final determination of the right to the easement, leaving only the mechanics of execution to the jury of view, and therefore an appeal to the Superior Court by respondents whose lands are affected is not premature, and judgment of the Superior Court dismissing the appeal and remanding the cause to the clerk, is erroneous.

APPEAL by defendant Guilford Realty & Insurance Company from *Hamilton, Special Judge,* at September-October Term, 1946, of CALD-WELL.

Special proceeding under G. S., 136-68 and 136-69 to establish a cartway or way of necessity from the lands of the petitioners to State Highway No. 321.

Originally the proceeding was against R. B. Lail only. W. H. Barker accepted service of summons and voluntarily became a party defendant. R. F. Burris, apparently without any notice, service of summons, or voluntary action, was so treated. Thereupon the petitioners filed an amendment to the petition alleging that the Guilford Realty & Insurance Company (which had acquired the land of defendant Burris) is a necessary party defendant. It was so ordered.

The clerk, then, upon a rehearing, adjudged that "petitioners are entitled to and shall have for their use, a cartway or roadway over the lands of the defendants to reach the highway; . . ." and appointed a jury of view to "lay off" said cartway. Defendant Guilford Realty & Insurance Company excepted and appealed to the Superior Court at term.

When the cause came on to be heard in the court below the petitioners moved the court to dismiss the appeal for that it was premature. The motion was allowed by order dismissing the appeal and remanding the cause to the clerk. The defendant Guilford Realty & Insurance Company excepted and appealed to this Court.

*Hal B. Adams for plaintiff, appellees.*

*J. Allen Austin and J. T. Pritchett for defendant Guilford Realty & Insurance Company, appellant.*

BARNHILL, J.   The ambiguities in the record are such it is impossible for us to form a clear impression of the relative rights of the parties. Apparently the property of petitioners is cut off from the public road by three separate, abutting tracts of land.  If so, the order of the clerk left it to the jury of view to fix the location of the cartway, including its termini and the tract to be burdened thereby.  *Burden v. Harman,* 52 N. C., 354.  In any event, the order authorizes its location on the property of appellant.  Appeal therefrom presents the one question posed for decision: Was the appeal from the order of the clerk adjudging the right of petitioners to have a cartway over and across the land of appellant premature?  Our decisions answer in the negative.  *Burden v. Harman, supra; Warlick v. Lowman,* 101 N. C., 548; *McDowell v. Insane Asylum,* 101 N. C., 656; *Cook v. Vickers,* 141 N. C., 101, 144 N. C., 312; *Dailey v. Bay,* 215 N. C., 652, 3 S. E. (2d), 14.

The order of the clerk, if effective for any purpose, fixes the right of petitioners to a way of ingress and egress.  The appointment of a jury of view, to locate, lay off, and mark the bounds of the easement thus established, is the mechanics, in the nature of an execution, provided for the enforcement of the order.  It is the province of the clerk, in the first instance, to adjudge the right.  It is the duty of the jury of view to execute it.

As said in *Warlick v. Lowman, supra:* "That order was final in its nature, and as the defendant had the right to appeal from it, it would be idle to execute it before the appeal should be taken."  "Why complete the matters and things to be done merely incident to and in execution of the principal order before the appeal should lie?"  *McDowell v. Insane Asylum, supra.*

"The judgment of the clerk is final and, until reversed or modified, is determinative of the rights of the parties in this controversy.  An appeal therefrom is not premature."  *Dailey v. Bay, supra.*  The court "should have heard the whole matter brought before it by appeal upon the merits."  *Warlick v. Lowman, supra.*

The order of remand must be vacated and the cause reinstated on the civil issue docket for trial in the Superior Court in the manner provided by law.

Reversed.