J. T. TAYLOR, JR. AND WIFE, DORA W. TAYLOR, PETITIONERS V. JOE ASKEW AND WIFE, THELMA ASKEW, DAVID BOWEN AND WIFE, MAXINE BOWEN, B. B. BOWEN, C. G. RESPESS AND WIFE, MYRTLE RESPESS, H. L. RESPESS AND WIFE, ELOISE RESPESS, BEULAH RESPESS, WIDOW, DEMPSEY BOWEN AND WIFE, ALMA A. BOWEN AND HERMAN BOWEN AND WIFE, GLADYS BOWEN, RESPONDENTS

No. 712SC302

(Filed 26 May 1971)

1. Highways and Cartways § 15— cartway proceeding — final order of clerk — appeal

Clerk's order dismissing a cartway proceeding on the ground that the petitioners had adequate means of ingress and egress *is held* a final order from which the petitioners may appeal. G.S. 136-68.

2. Highways and Cartways § 15— cartway proceeding — review in superior court — remand to clerk for hearing de novo.

On appeal from the clerk's order dismissing a cartway proceeding on the ground that the petitioners had adequate means of ingress and egress, the superior court erred in remanding the case to the clerk for

Taylor v. Askew

a hearing *de novo* and for the joinder of additional parties without first ruling on the merits of the petitioners' appeal.

APPEAL by petitioners from *Hubbard, Judge,* 2 November 1970 Session of Superior Court held in BEAUFORT County.

Petitioners instituted this special proceeding, pursuant to G.S. 136-68 and G.S. 136-69, to establish a cartway from petitioners' tract of land in Beaufort County to N. C. Highway 32, over lands of the respondents. The Clerk of Court found that the petitioners had adequate means of ingress and egress by virtue of a right of way granted them by the Albemarle Drainage District, which connects petitioners' lands with various public roads and, ultimately, with Highway 32, although over a more circuitous route than that desired by petitioners. From the order of the Clerk dismissing the proceeding, petitioners appealed to the Superior Court. The Court heard evidence presented by petitioners and respondents, and entered judgment striking the previous order of the Clerk, remanding the cause to the Clerk with directions that the Albemarle Drainage District, Beaufort County #5, and certain named individuals, be made parties, and directing that the Clerk hear the matter upon pleadings to be filed *de novo*. Petitioners appealed to this Court.

*Wilkinson & Vosburgh, by John A. Wilkinson, for respondents-appellees.*

*McMullan, Knott & Carter, by Lee E. Knott, Jr., for Petitioners-Appellants.*

BROCK, Judge.

Petitioners assign as error the action of the Court in failing to determine the issue of whether petitioners had adequate means of ingress and egress, and in remanding the cause to the Clerk to have additional parties joined and hear the matter *de novo*.

[1, 2] G.S. 136-68 provides that "[f]rom any final order or judgment in said special proceeding, any interested party may appeal to the superior court for trial *de novo*. . . . " The order of the Clerk that petitioners' action be dismissed was certainly a "final order" within the meaning of the statute. *Dailey v.*

*Bay,* 215 N.C. 652, 3 S.E. 2d 14. It had been stipulated by the parties that the only issue to be tried was whether petitioners have "an adequate means of ingress and egress to and from their property." This issue having been determined adversely to the petitioners by the Clerk, they had a right to have that determination reviewed by the Judge, without further delay. No end was to be served by directing the Clerk to reconsider the issue upon which he had already ruled. "Upon the docketing of the appeal upon the civil issue docket the Superior Court acquired full jurisdiction thereof and it is its duty to determine the issues of fact and questions of law involved. If it is finally adjudged that plaintiff is entitled to a cartway across the lands of the defendants as prayed, then, and only then, may the judge in his discretion remand the cause to the clerk for the procedural action necessary under the statute for the execution of the judgment rendered." *Dailey v. Bay, supra,* at 654.

[2]  In addition to ordering that the clerk rehear the entire matter *de novo,* the order of Judge Hubbard directed the addition of parties respondent, including the Albemarle Drainage District. It was stipulated that the original respondents own lands lying between and adjoining the petitioners' property and Highway #32. Also the parties had stipulated that there was no question of misjoinder or nonjoinder of parties. If Judge Hubbard nevertheless felt that additional parties respondent were necessary before a determination of the appeal he should have entered such orders as necsessary to bring them in. It was not proper to remand the matter to the clerk without first passing upon the merits of petitioners' appeal. The issue to be determined by the judge on appeal is whether petitioners are entitled to a cartway over some lands. It does not involve the actual location of the road or whose land shall be burdened thereby; these being questions to be initially determined by the jury of view. *Candler v. Sluder,* 259 N.C. 62, 130 S.E. 2d 1. If the clerk's ruling is upheld by the judge the proceeding should be dismissed. If the judge determines that the petitioners are entitled to a cartway he should so order and remand the matter to the clerk for the appointment of a jury of view and for further proceedings as prescribed by the statute.

The order of Judge Hubbard is vacated and the cause is remanded to the Superior Court of Beaufort County for such

findings of fact and conclusions of law by the judge as may be proper, and for further proceedings consistent therewith.

Order vacated and cause remanded.

Judges MORRIS and HEDRICK concur.