AMERICAN UNION TELEGRAPH COMPANY v. WILMINGTON, COLUMBIA AND AUGUSTA RAILROAD COMPANY.

*Telegraph Lines—Appeal.*

Under the act of March 19th, 1875, "to facilitate the construction of telegraph lines," taken in connection with the act of February 8th, 1872, for the same purpose, no appeal is allowable from an interlocutory ruling in the course of proceedings to establish such lines, but only from the final judgment therein.

PETITION for *Certiorari* heard at June Term, 1880, of THE SUPREME COURT.

Messrs. *D. K. McRae* and *D. L. Russell*, for plaintiff.
Messrs. *Junius Davis* and *Battle & Mordecai*, for defendant.

SMITH, C. J. The plaintiff, a corporation formed under the laws of New York, instituted in the superior court of New Hanover and is prosecuting a suit against the defendant corporation, under the act of March 19th, 1875, entitled "an act to facilitate the construction of telegraph lines," for

the condemnation of a right of way for the construction and operation of lines of telegraphic communication along the defendant's road. At the hearing of the application before Judge McKoy, at chambers on the 8th day of July last, he adjudged the plaintiff to be entitled to the right of way demanded, and appointed commissioners to ascertain and report the compensation to be paid to the defendant, as damages for the condemned property. The defendant thereupon applied for an appeal, and being refused now moves this court for a writ of *certiorari* to bring up the record of the cause, in order that the ruling of the judge may be reviewed. These are the undisputed facts set out in the affidavit, upon which the application is based, and the only point to be considered is whether the defendant is entitled to an appeal from the judgment rendered.

Upon a careful examination of the statute, and the portions of the act of February 8th, 1872, by reference incorporated with it, and regarding the policy indicated in both to favor the construction and early completion of such works of internal improvement, telegraphic being upon the same footing as railroad corporations, we are of opinion it was not intended in these enactments to arrest the proceeding authorized by them at any intermediate stage, and the appeal lies only from a final judgment. Then and not before may any error committed during the progress of the cause, and made the subject of exception at the time, be reviewed and corrected in the appellate court, and an appeal from an interlocutory order is premature and unauthorized.

It is the manifest intent of the act, as expressed in its title and apparent upon its face, to encourage and promote this and kindred enterprises for the public benefit, and to avoid the inconveniences and delays arising from opposition, as far as practicable and consistent with the rights of proprietors whose land or an easement in which is to be condemned and appropriated. In pursuance of this object

the first section confers upon the judge in vacation "the same power and jurisdiction as the superior court may exercise, and subject to the same right of appeal to the *superior* (an obvious mistake and intended for *supreme*) court, as from *final judgments* of the superior court," and it declares that the clerk shall "perform the same duties and be entitled to the same fees as in other similar cases in the superior court." He is also required to attend the court at the "court house of his county" and to "make all proper orders and entries, and issue all proper process, writs or notices as commanded by the superior court whether *in term time or in vacation.*"

The plain meaning of the section is to bestow upon the judge, during the intervals between the sessions of the court, the same powers that he can exercise at the term, and whatever is done becomes a record of the court. An appeal from any decision of his, made in the recess and at chambers, the court house being designated for such purpose, lies directly, as if made in term time, to the supreme court.

The equal jurisdiction vested in the judge when acting in vacation as when holding the regular term of the court, is wholly incompatible with a literal rendering of the section as allowing an appeal from his own decision to himself. Appeals in their proper sense are taken from an inferior and subordinate to a higher and superior jurisdiction. To avoid this absurdity and give effect to the general purpose of the enactment, it is necessary to substitute the word *supreme,* as designating the proper supervising tribunal, in place of *superior,* and this must be its true interpretation.

With this rendering, the appeal is only permitted from a final judgment of the judge in like manner as from a final judgment of the superior court, and in neither case from an interlocutory ruling as authorized in civil actions generally by C. C. P., § 299.

This construction derives support from the provisions of the eighth section, which gives "the right of appeal to the

supreme court " (the printed corrected by the enrolled act) when taken within "thirty days after the confirmation of the report of the commissioners," but meanwhile does not suspend the petitioner's right to take possession of an ease-ment, privilege or use condemned, if the damages and costs adjudged be paid, or deposited as directed and adjudged by the superior court."

As the right to take possession is given only after final judgment of confirmation, and then is not interrupted by the appeal, we cannot reasonably understand the act as admitting the obstruction and delay resulting from an ap-peal at an earlier stage of the proceeding.

The constitutional provision (Art. iv., § 8,) that "the su-preme court shall have jurisdiction to review upon appeal any decision of the courts below, upon any matter of law or legal inference " is not impaired by postponing the ex-ercise of the right to the final determination of the cause, when all the alleged errors may be reviewed, as in criminal prosecutions, and the section of the code which allows in-terlocutory appeals must yield to the special enactment gov-erning the present case. The result of the denial of the appeal now asked is not to deprive the defendant of a trial of the matters of his defence in the appellate and supervis-ing court, but to defer until at its conclusion the whole controversy can be heard and settled, and meanwhile the work proceeds without detriment to the public interests.

For these considerations the writ is refused.

PER CURIAM.                                        Motion denied.

NOTE.—During the argument the plaintiff's counsel adverted to a gross error in sections 16 and 18 of chapter 138 in the published acts of the session of 1871–'72, ascertained by comparison with the enrolled act in the office of the secretary of state, whereby a large portion of section 18 is detached from its context and inserted in and made part of section 16. The error is repeated in the Revisal, ch. 99, the careful author o which, discovering the incongruity, attempts to bridge over the separa-

ting chasm by introducing a few necessary connecting words. As the laws are known and executed almost entirely upon the evidence of the printed copies, it is of the highest importance that entire accuracy be secured in the publication, and that a careful scrutiny and supervision be exercised while they are passing through the press. The occasion is a proper one for calling the attention of the general assembly to the subject.