COMMISSIONERS of Davie County v. HARRISON COOK.

*Appeal—Condemnation of Land—Jurisdiction.*

1. No appeal lies from an interlocutory order appointing commissioners to assess damages for condemnation of land for a fence-way under the act of 1881, ch. 172.

2. Where a court of record of common law jurisdiction in the county in which the land is situate, is authorized to appoint commissioners to condemn the land for certain purposes, *it seems* that the judge riding the district in which said county is embraced, though not in the county, may exercise the jurisdiction.

(*Telegraph Co.* v. *Railroad Co.*, 83 N. C., 420, cited and approved.)

APPEAL from an order made at Winston on May 17, 1881, in a case pending in DAVIE county, by *Seymour, J.*

The defendant appealed from an order appointing commissioners to assess damages for the condemnation of land, for the purposes set out in the opinion.

*Mr. J. M. Clement,* for plaintiffs.
*Messrs. Watson & Glenn* and *Furches,* for defendant.

SMITH, C. J. To carry out the directions of the act for the construction of a fence around the boundaries of Davie county, (which we have examined at the present term in the appeal in the case of Cain against the present plaintiffs) and in pursuance of notice served on the defendant, the plaintiffs applied to the judge holding the spring terms of the superior courts of the seventh district, at Winston, on May 17th, 1881, for an order appointing commissioners to view the lands of the defendant and assess his damages for the condemnation thereof for a fence-way along the county line. Acts 1881, ch. 172, §§ 10 and 11. The statute requires this to be done, "as land is now condemned for railroad

purposes by the North Carolina railroad company," and the method of procedure is pointed out in section 17 of chapter 82 of the acts of 1848–'49, incorporating that company. The commissioners are there required to be appointed " by any court of record having common law jurisdiction in the county where some part of the land or right of way is situated."

The constitution declares that " the superior courts shall be at all times open for the transaction of all business within their jurisdiction, except the trial of issues of fact requiring a jury." Art. IV, § 22.  And we do not see any well founded objection to the exercise of this jurisdiction by the judge who may then be riding the district, though not in the county where it is exercised, that does not, in the attending inconveniences, lie with equal force against his making interlocutory orders in pending causes.  The change in our judicial system, and the necessary adaptation of laws enacted under the old to the condition and requirements of the new system of administration, seem to sustain the course pursued in the initial act of the present proceeding.  But without deciding the point, since the appeal has in our opinion been improvidently taken, the cause is not regularly constituted in this court.

The clause in the charter of the company referred to, contains a proviso " that if any person or persons over whose land the road may pass, should be dissatisfied with the valuation of said commissioners, then and in that case, the person or persons so dissatisfied may appeal to the superior court," &c., contemplating an appeal to a higher jurisdiction only when the damages have been assessed and the court is called on to confirm the commissioners' report.

The proceeding for condemnation of lands for works of public improvements is intended to be summary and direct, and its useful purpose in facilitating the proposed work would be defeated, if the progress of the work could be ar-

rested by an appeal wholly needless in this incipient stage, for the protection of any right or interest of the unwilling land-holder. The very object of this prompt method of procedure in such cases is to avoid the delay and interruptions incident to an ordinary action, and promote the completion of the authorized public enterprise.

The case is not in principle distinguishable from that of *The Telegraph Co.* v. *The Railroad Company*, 83 N. C., 420, and as was then decided, so now we hold that the appeal of the defendant is premature, and must be dismissed.

PER CURIAM.                              Appeal dismissed.