NORFOLK & SOUTHERN RAILROAD COMPANY v. W. Y. WARREN, et als.

*Right to condemn land by Railway Companies—Appeal.*

1. Under the Act of 1869–'70, ch. 18, to incorporate the Norfolk & Southern Railroad Company, no appeal lies from an interlocutory order in a proceeding in accordance with the provisions of said act to condemn land for the use of the railroad. An appeal can only be taken from the final judgment.

2. The Constitutional provisions that the Supreme Court shall have jurisdiction to review upon appeal any decision of the courts below upon any matter of law or legal inference, is not impaired by an act of the Legislature postponing the right of appeal until the final determination of the cause; and the general law allowing appeals from interlocutory judgments must yield to the provisions of a special act.

3. Under the provisions of the Act of 1869–'70, *supra*, the clerk has no authority to appoint commissioners to assess the damages, but must issue an order to the sheriff to summon proper persons.

(*Telegraph Company* v. *Railroad Company*, 83 N. C., 420, and *N. C. R. R. Co.* v. *C. C. R. R. Co.*, Ibid., 489, cited and approved).

THIS WAS a special proceeding, commenced before the clerk, and heard at Fall Term, 1884, of the Superior Court of CHOWAN county before *Graves, Judge.*

The plaintiff appealed.

The facts are stated in the opinion.

*Messrs. Starke & Martin,* for the plaintiff.
*Messrs. Pruden & Vann,* for the defendants.

SMITH, C. J. The Norfolk & Southern Railroad Company, a corporation formed and acting under the concurring legislation of the two States, with a subsequent change in name, has constructed and is operating a line of road between Berkeley in Virginia and Edenton in this State.

Section 6 of the incorporating act, passed in 1870 (Acts 1869–'70, ch. 18), confers upon the president and directors, or their lawfully constituted agents, full power and authority to enter

upon all lands through which they may think it necessary to make said road, and to lay out the same according to their will and pleasure, by paying the owners of the lands a fair compensation for their property, and the mode of proceeding is pointed out, to be pursued in case the parties cannot come to an agreement as to the value of the appropriated lands.

Finding larger accommodations needed for the business of the company at the town of Edenton, application was made to the Superior Court of Chowan, before the clerk, for an order to be issued to the sheriff, directing him to summon commissioners, properly qualified, to view the land proposed to be condemned, and to assess and report the damages sustained by the proprietors.

To this application answer was made denying the company's need of the land and offering to convey the same for a reasonable compensation.

The clerk therefore granted the prayer of the petitioner, and proceeded himself to appoint the five commissioners by name, to condemn and value the land, from which the defendants appealed. In the Superior Court, before the Judge, the following adjudication was made: "It appearing from the pleadings that issues of fact are raised which require the intervention of a jury, the appeal is sustained; the judgment of the said clerk is declared to be erroneous, and the cause remanded to him to the end that he may eliminate and certify the issues of fact to be heard by a jury in this court."

The correctness of this adjudication is brought before us by the plaintiff's appeal.

The concluding clause of the section from which we have quoted, declares the award of damages, made by the commissioners and reported, for compensation, "shall be final, unless one or the other of the parties shall appeal to the Superior Court within ten days, in which case *the issues shall be tried by a jury* of the county in which the land lies."

Language very similar, in reference to an appeal to this Court, is found in the act passed to facilitate the construction of telegraph lines (Acts 1874-'75, ch. 203), section eight of which provides "that the right of appeal to the Superior Court shall be limited to thirty days after the confirmation of the report of the commissioners," and it has been held that an appeal could not be taken at an earlier stage in the proceedings.

The constitutional provision (Art. 4, §8) that the Supreme Court shall have jurisdiction to review, upon appeal, any decision of the courts below, "upon any matter of law or legal inference," is not impaired by postponing the exercise of the right to the final determination of the cause, when all the alleged errors may be reviewed, as in criminal prosecutions.

The section of The Code which allows interlocutory appeals must yield to the special enactment governing the special case. *Telegraph Co.* v. *Railroad Co.*, 83 N. C., 420. To same effect *N. C. R. R. Co.*, v. *C. C. R. R. Co.*, *Ibid.*, 489.

The special methods provided for acquiring lands needed in the prosecution to completion of great works of internal improvement, when title cannot be acquired by negotiation on fair terms, are intended to expedite their construction, and do not, therefore, admit of the interruptions and delays, incident to ordinary proceedings at law, by which their progress might be greatly retarded. While in the first instance the land required is to be designated by the company as best knowing its own necessities, and the cause proceeds, without obstruction by appeal, to the assessment of damages, the dissatisfied owner may then remove the action to a higher tribunal, and there have all the issues material in the controversy submitted to a jury, to be passed on under the guidance of proper instructions from the judge, as well as a re-assessment of the damages. This seems to afford protection against arbitrary and needless exactions of the corporation, while it permits the work to go on, so that the controversy is then settled.

The abuse of the conferred power in the demand of more land than there is any reasonable need for may be thus corrected—

*Mills on Eminent Dom.*, §49—while if fairly exercised within the limits of the discretion, it will not be interfered with. *Ibid.*, §62.

It is thus manifest that the cause was practically withdrawn from the jurisdiction of the clerk, with whom it ought to have remained until the commissioners had acted and made their report ascertaining the value of the lot to be condemned. But the statute directs him to issue the summons to the sheriff to summon the necessary number of the commissioners, and not himself to designate them. Their selection devolved upon the sheriff and not upon the clerk.

The attempted removal of the cause to the Judge of the Superior Court, when made, was unauthorized, and he should have remanded it in order that the proper summons might issue and the commissioners proceed to estimate and report the sum to be paid by the company.

The appeal from the ruling of the Judge must be sustained and his action declared erroneous. This will be certified to the end that the cause proceed in the manner pointed out in this opinion.

Error.                                                      Reversed.