WELLINGTON & POWELLSVILLE RAILROAD COMPANY v. THE
CASHIE & CHOWAN RAILROAD AND LUMBER COMPANY.

*Corporations—Right of Way—Eminent Domain—Collateral
Attack of Corporation.*

The existence of a railroad corporation cannot be attacked or questioned
in an action brought by it to condemn land for its purposes.

PROCEEDING for the condemnation of right of way for a
railroad over defendant's land—the area of the land sought
to be condemned being about eleven acres—heard on affida-
vits and on the application of the defendant for injunction,
etc., before *Bynum, J.,* at Chambers at Newbern on the 6th
December, 1893.

The defendant alleged that the plaintiff, instead of being
incorporated for the purpose of becoming a public common
carrier, was a purely private corporation and formed as a
subterfuge and for the purpose of evading the result of a liti-
gation pending between the defendant and the Branning

Manufacturing Company, which had been restrained from entering upon the lands of the defendant and whose officers etc., were the same as those of plaintiff corporation. The plaintiff acknowledged in the affidavits of its officers that it was incorporated in the interest of the Branning Manufacturing Company, which owned lands which could only be reached by traversing the lands of the defendant, but that it was a *bona fide* railroad corporation, formed for the purpose of not only hauling the lumber of the Branning Manufacturing Company, but also of other companies and individuals, who could not get their lumber to market except across the defendant's land, as well as for the purposes of general transportation and traffic.

Upon considering the affidavits of the parties his Honor adjudged that the defendant was not entitled to the injunction, and refused it, dissolving the restraining order theretofore issued upon the plaintiff's filing with the Clerk of the Superior Court of Bertie County a bond in the sum of one thousand dollars ($1,000) conditioned to pay to the defendant such damages as it might recover in this action, the solvency of said bond to be approved by said Clerk.

From this order dissolving the restraining order plaintiff appealed.

*Messrs. R. B. Peebles* and *Battle & Mordecai*, for plaintiff.
*Mr. F. D. Winston*, for defendant (appellant).

PER CURIAM: Upon a consideration of the affidavits filed we are of the opinion that the order of his Honor should not be disturbed. It may also be observed that the existence of the corporation cannot be assailed in this collateral manner (*Asheville Div.* v. *Aston*, 92 N. C., 578), and that the amount of land sought to be condemned does not appear to be unreasonable. The very granting of a charter like

this implies that land is necessary to be taken for the right of way, and, unless the discretion is abused, the Courts will not interfere. *Railroad* v. *Railroad*, 106 N. C., 23.

Affirmed.