## SOUTHERN RY. CO. v. POSTAL TEL. CABLE CO.

(Circuit Court of Appeals, Fourth Circuit. March 30, 1899.)

No. 298.

WRIT OF ERROR—FINAL ORDER.
    An order in condemnation proceedings appointing commissioners to assess the damages is not a final order, to which a writ of error will lie.

In Error to the Circuit Court of the United States for the Western District of North Carolina.

On June 11, 1898, the Postal Telegraph Cable Company, a corporation of New York, filed in the office of the clerk of the superior court of Guilford county, N. C., a petition, making the Southern Railway Company the sole defendant, to obtain by condemnation the right to construct, maintain, and operate a telegraph line along and upon the right of way of the Southern Railway Company, from a point on the state line between the states of North Carolina and Virginia south to Charlotte, and from Greensboro, in Guilford county, to the city of Raleigh, passing through the intervening counties, the whole distance being about 193 miles. This petition was filed under the provisions of chapter 49 of the Code of North Carolina of 1883, and under sections 2007 to 2013, which provide that any telegraph company, incorporated in North Carolina or any other state, shall have the right to construct, maintain, and operate lines of telegraph along any railroad in that state, to be so constructed and maintained as not to obstruct or hinder the usual travel on said railroad, upon making just compensation therefor, and further providing in what manner proceedings for condemning such a right should be conducted. The Southern Railway Company, a corporation of Virginia, appeared and filed its petition for removal on the ground of diverse citizenship, and such proceedings were had that the case was removed into the circuit court of the United States for the Western district of North Carolina. Opinion of Judge Simonton, 88 Fed. 803. The railway company resisted the proceedings upon various grounds,—among others, that there was then no law in North Carolina providing for the condemnation of land or rights of way for the use of telegraph companies; that, if there was such a law, the petition of the telegraph company did not in essential particulars follow it; and that the petition was too vague and uncertain in its statement of the nature of the tenure by which the railroad company held the right of way over which the easement for the telegraph company was sought to be condemned. These objections were overruled (opinion of Judge Simonton, 89 Fed. 190), and the court ordered, on September 15, 1898, as provided by section 1945 of the North Carolina Code of 1883, that three commissioners be appointed to assess the damages which the railway would sustain by reason of the erection of the petitioner's telegraph line in the manner proposed, and that they should hear the testimony, and make their award in writing, and file it with the clerk of the court. Subsequently, upon the petition of the railway company for leave to answer the original petition, leave was granted

to it, and the order for the appointment of the· commissioners was suspended. The answer was filed, setting up much the same objections that had already been passed upon, with the additional allegation of fact that the railway company's right of way was in some places so narrow that· to erect a telegraph line upon it as proposed in the petition would imperil the safe operation of the railroad, and obstruct or hinder the usual travel· upon it, and that condemnation proceedings must be instituted in each and every county in which any of the land used by the railroad company for its line is owned by it in fee. To this answer the telegraph company demurred. and the court ·sustained the demurrer (opinion of Judge Simonton, 90 Fed. 30), and by its order of October 24, 1898, reinstated the order appointing commissioners. To the granting of these orders the railway company has sued out a writ of error to bring the case here for review. The telegraph company moves to dismiss the writ of error, as granted improvidently to an order which was interlocutory, and not final.

Robert Stiles, A. L. Holladay, and F. H. Busbee, for plaintiff in error.

J. R. McIntosh, for defendant in error.

Before GOFF, Circuit Judge, and MORRIS and BRAWLEY, District Judges.

MORRIS, District Judge (after stating the facts as above). The rule that a writ of error or appeal does not lie, except to a final judgment which determines the controversy between the parties, is so conclusively settled that the burden is upon the plaintiff in error to show that this is a case to which that general rule does not apply. The contention of the plaintiff in error is that it is not appealing from the order appointing commissioners, but from the action of the court below in refusing to allow it to introduce testimony to sustain its contention that the proposed telegraph line could not be so constructed and operated as not to obstruct and hinder the usual travel upon the railroad. Its contention is that, in an adversary proceeding in court for condemnation, there are two. separate and successive proceedings, the first of which determines the right·to condemn, and the second the amount of compensation, and that the first of these, even when the right to condemn is sustained, is a final and appealable judgment, although not made so· by statute.

There can be found no case in the decisions of the supreme court of the United States which has so held. In the case of Wheeling & B. Bridge Co. v. Wheeling Bridge Co., 138 U. S. 287, 11 Sup. Ct. 302, the supreme court did hold that the judgment in that case for the condemnation was a final, appealable judgment; but this was solely upon the ground that the case came to the supreme court by writ of error to the supreme court of appeals of West Virginia, and that it had been held by that court that the judgment was final under the West Virginia statute. Mr. Justice Field said:

"The judgment appears to have been considered as so far final as to justify an appeal from it; and if the supreme court of a state holds a judgment of an inferior court of the state to be final, we can hardly consider it in any other light, in exercising an appellate jurisdiction."

In Luxton v. Bridge Co., 147 U. S. 337–342, 13 Sup. Ct. 358, Mr. Justice Gray, commenting on the ruling in the case just above quoted, said:

"To have held otherwise might have wholly defeated the appellate juris-
diction of this court under the constitution and laws of the United States; for,
if the highest court of the state held the order appointing commissioners to
be final and conclusive, unless appealed from, and the validity of the con-
demnation not to be open on a subsequent appeal from the award of dam-
ages, it is difficult to see how this court could have reached the question of
the validity of the condemnation, except by writ of error to the order appoint-
ing commissioners. That case, therefore, affords no precedent or reason for
sustaining this writ of error to the circuit court of the United States."

Even if the fact was pertinent, in condemnation proceedings under
the provisions of the state law when conducted in a circuit court
of the United States, that the state court had held the appointment
of commissioners to be a final, appealable order, the plaintiff in error
cannot have the benefit of such a contention in the present case, for
the reason that the supreme court of North Carolina has decided to
the contrary with respect to the very statute under which these pro-
ceedings were taken. In American Union Tel. Co. v. Wilmington
& A. R. Co., 83 N. C. 420, the supreme court of North Carolina held, in
a similar proceeding to condemn a right of way for the construction
and operation of lines of telegraph along the defendant's railroad, that
no appeal was allowable from the order adjudging that the petitioner
was entitled to the right of way demanded, and appointing commis-
sioners to ascertain and report the compensation to be paid to the
defendant railroad as damages for the condemned property. The
court said:

"Upon a careful examination of the statute, and the portions of the act of
February 8, 1872, by reference incorporated with it, and regarding the policy
indicated in both to favor the construction and early completion of such
works of internal improvement, telegraphic being upon the same footing
as railroad corporations, we are of opinion it was not intended in these
enactments to arrest the proceedings authorized by them at any intermediate
stage, and the appeal lies only from a final judgment. Then, and not before,
may any error committed during the progress of the cause, and made the
subject of exception at the time, be reviewed and corrected in the appellate
court; and an appeal from an interlocutory order is premature and unauthor-
ized."

In Hendrick v. Railroad Co., 98 N. C. 431, 4 S. E. 184, the supreme
court of North Carolina again held that under the law of that state
the order appointing commissioners to assess damages is interlocu-
tory, and no appeal will be entertained until after final judgment
upon the report of the commissioners, and said:

"This case is in all material respects like American Union Tel. Co. v. Wil-
mington & A. R. Co., 83 N. C. 420; Commissioners v. Cook, 86 N. C. 18; Rail-
road Co. v. Warren, 92 N. C. 620. They settle the course of practice in such
proceedings as the present one, and sufficiently state the reasons for it."

The case of Luxton v. Bridge Co., 147 U. S. 337–341, 13 Sup. Ct.
358. above cited, is, we think, conclusive of the present question; for
in that case, although the proceedings in the circuit court of the United
States were directed by the act of congress to be according to the
laws of the state within which the land to be condemned was located,
and by that state law the appointment of the commissioners could be
reviewed by the supreme court of the state on writ of certiorari, yet
it was held by the supreme court of the United States that so much

of the state law as allowed such review was inapplicable to a proceeding in the circuit court of the United States. The court said:

"The case throughout, from the application of the corporation for the appointment of commissioners to assess damages to the owner of the land proposed to be taken until judgment upon the award of the commissioners or upon verdict of a jury assessing those damages, remains in the circuit court of the United States and under its supervision and control. The action of that court in this case, as in other cases on the common-law side, is not reviewable by this court by writ of certiorari (U. S. v. Young, 94 U. S. 258), but only by writ of error, which does not lie until after judgment disposing of the whole case and adjudicating all the rights, whether of title or of damages, involved in the transaction. The case is not to be sent up in fragments by successive writs of error. Act Sept. 24, 1789, § 22 (1 Stat. 84, c. 20); Rev. St. § 691; Rutherford v. Fisher, 4 Dall. 22; Holcombe v. McKusick, 20 How. 552, 554; Bank v. Whitney, 121 U. S. 284, 7 Sup. Ct. 897; Iron Co. v. Martin, 132 U. S. 91, 10 Sup. Ct. 32; McGourkey v. Railway Co., 146 U. S. 536, 13 Sup. Ct. 170."

Writ of error dismissed for want of jurisdiction.