HOLLY SHELTER RAILROAD CO. v. NEWTON.

(Filed October 15, 1903.) ·

1. EMINENT DOMAIN—*Appeal—The Code, secs. 1944, 1945, 1946.*

An order of the superior court in condemnation proceedings remanding the cause to the clerk, that he may hear the same, is interlocutory, and no appeal lies therefrom, though a plea in bar was filed by the defendant.

2. EMINENT DOMAIN—*Jury Trial—Issues—Railroads—Acts 1893, ch. 148—The Code, sec. 1945.*

In condemnation proceedings a land owner is not entitled at the hearing before the clerk to have issues tried by a jury.

3. EMINENT DOMAIN—*Collateral Attack—Corporations—Charter—Fraud.*

A charter of a corporation cannot be collaterally attacked as being fraudulent.

4. EMINENT DOMAIN—*Amendments—Railroads.*

In an action to condemn land for railroad purposes the court may allow an amendment to the complaint of a better profile.

5. INJUNCTION—*Eminent Domain—Railroads.*

An injunction will not lie to restrain a railroad company from entering upon land before the appraisement of damages and the payment thereof.

ACTION by the Holly Shelter Railroad Company against H. B. Newton and others, heard by Judge *W. R. Allen,* at September Term, 1903, of the Superior Court of PENDER County. From an order remanding the proceedings to the Clerk to proceed the defendant appealed.

*Iredell Meares,* for the plaintiff.
*Rountree & Carr* and *J. D. Bellamy,* for the defendants.

RAILROAD CO. *v.* NEWTON.

CLARK, C. J.   This was a proceeding begun before the Clerk under The Code, sections 1944 and 1946 to condemn a right of way for a railway.   The defendants appealed to the Judge before the appointment of commissioners and the coming in of their report, the time at which an appeal in such cases is authorized by The Code, section 1946.   The Judge remanded the case to be proceeded in, as required by that section.   Thereupon the defendants appealed to this Court.   No appeal lay, as we have already held in this cause at this term, upon the defendant's application for a writ of prohibition to prevent the Clerk from proceeding under the Judge's order of remand, pending this attempted appeal which must therefore be dismissed.

If interlocutory appeals were allowable in such cases, they could be repeated again and again, on divers pretexts, and great delays to the detriment of the public interest would hamper and impede and render almost impossible the construction of new railways.   It is conceivable that such appeals might be greatly fostered by lines already in existence, if averse to threatened competition.   Therefore, the statute, The Code, sections 1945, 1946, is explicit in denying interlocutory appeals in proceedings for condemnation of right of way for railroads.   The interest of the land owner is preserved by the payment into Court of the full assessed value of the strip of land condemned, which is required before the corporation can enter upon the premises.   The decisions are uniform that the above is the unmistakable meaning and the reason for the statute.   *Telegraph Co. v. Railroad Co.,* 83 N. C., 420 (where the matter is fully discussed by *Smith, C. J.*); *Railroad v. Railroad, Ibid.,* 499; *Commissioners v. Cook,* 86 N. C., bottom p. 19; *Railroad v. Warren,* 92 N. C., 622 (in which the reason for the statute is given), and *Hendricks v. Railroad,* 98 N. C., 431, which says the above authorities *"settle the course of practice* in such pro-

ceedings and sufficiently state the reason for it." The above authorities have been cited and reaffirmed in this very cause (*Railroad v. Newton,* at this term) in denying the petition for a writ prohibition, as above stated.

The defendants contend, however, that an appeal does lie, because there is here a plea in bar. But the statute and the decisions make no exception when there is a plea in bar in cases of condemnation. Indeed in *Railroad v. Railroad,* 83 N. C., 499, there were two pleas in bar and the Court held that no appeal lay till after the confirmation of the commissioners' report. The defendants contend that they are entitled to have the issues of fact raised by the answer tried by a jury. But that right they can have on appeal to the Superior Court after the report of the commissioners is confirmed. Formerly the land owner had no right to a jury trial in fixing the compensation upon condemnation of a right of way, nor was the compensation required to be paid before entry. *Railroad v. Davis,* 19 N. C., 452 ; *Railroad v. Parker,* 105 N. C., 246 ; *State v. Lyle,* 100 N. C., at p. 501. The Code, sec. 1946, changed this as to railroads, by requiring the company to pay into Court the sum assessed before entry upon the right of way, and Laws 1893, ch. 148, further provides that the land owner "shall be entitled to have *the amount of damages assessed by the commissioners* or jurors heard and determined upon appeal before a jury of the Superior Court in term, if upon the hearing of such appeal a trial by a jury be demanded." Thus this statute, as well as The Code, sec. 1946, recognizes that the appeal is allowed after confirmation of the report of the commissioners. The language of section 1946 is that upon the coming in of the report exceptions may be filed thereto, "and upon the *determination of the same* by the Court, either party may appeal to the next Court at term, and thence, *after judgment,* to the Supreme Court."

This is a proceeding *in rem,* acting upon the property, and

service of summons and complaint upon the defendant New-
ton, a non-resident, in the mode prescribed by chapter 120,
Laws 1891, Clark's Code (3 Ed.), sec. 218 (8), which was
here used, "is a convenient and probably a more sure way of
bringing home to the defendant the notice which was formerly
made solely by publication." *Long v. Ins. Co.,* 114 N. C.,
469.

The defendants contend further that the charter of the
plaintiff as a railroad company is a fraud, and that the real
object is not the conveyance of freight and passengers, but
merely to operate a lumber road. If this is true, it would be a
fraud upon the public to obtain the right of condemnation by
such evasion, and upon a direct attack by *quo warranto* the
charter would be vacated upon the establishment of the fraud,
and the Judge might make appropriate orders in that cause
to preserve the rights of the relator in such action *pendente
lite*, upon sufficient facts shown. That this railroad is to be
only five miles long and is to run, not from one town to an-
other, but from a river to a creek, raises a strong doubt as
to the *bona fides* of the charter, but that is an issue of fact for
a jury in a direct proceeding to attack the charter for fraud.
Upon the face of the papers, the charter is regular and has
been regularly granted. "Of course the charter of a corpora-
tion cannot be collaterally attacked, and a direct proceeding
must be brought to annul it. But if the charter were on its
face inoperative and void, a Court would so declare it in
any proceeding to condemn land by virtue of the right of
eminent domain." *Railroad v. Stroud,* 132 N. C., 414. The
same ruling that the charter cannot be collaterally attacked by
answer in condemnation proceedings was made in *Railroad v.
Lumber Co.,* 114 N. C., 690.

It was also held in Stroud's case that the filing of a proper
profile is a condition precedent before an order of condemna-
tion should be granted. The Judge here allowed an amend-

ment to file a better profile, as he had power to do. *Railroad v. Newton*, at this term; *Faison v. Williams*, 121 N. C., 152. Should the final judgment be adverse to the defendants and be appealed from, then, if the amended profile is insufficient like any other error, it will vitiate the proceedings, and the money paid into Court by the plaintiff will be subject to the orders of the Court. The Code, sec. 1946. As the assessment so paid in is for the value of the land as well as the timber, it should be more than sufficient to reimburse the loss of any timber cut; besides, the Court can make orders *pendente lite,* as suggested in the former decision in this cause at this term. That an injunction will not lie in a case like the present is fully considered and re-affirmed on a rehearing in *Railroad v. Lumber Co.,* 116 N. C., 924.

Appeal dismissed.