RAILROAD v. BAILEY.

(Filed December 18, 1906).

*Condemnation Proceedings—Interlocutory Order—Premature Appeal.*

An appeal from the order of the Clerk appointing commissioners in a condemnation proceeding in pursuance of Revisal, section 2580, is premature, and an order of the Judge below remanding the cause to the Clerk is interlocutory, and no appeal lies therefrom to this Court.

SPECIAL PROCEEDING for condemnation by the Carolina and Tennessee Railroad Company against J. S. Bailey and others, pending in the Superior Court of SWAIN, and heard by *Judge W. R. Allen* at chambers, by consent, at Asheville on 31 October, 1906, upon appeal taken by defendant from an order of the Clerk of the Superior Court appointing commissioners. From an order of his Honor dismissing the appeal from the order of the Clerk as premature, the defendant appealed.

*Charles M. Busbee* and *F. H. Busbee* for the plaintiff.
*J. S. Adams* for the defendant.

BROWN, J. We think his Honor ruled correctly in dismissing the appeal as premature and properly remanded the cause to the Clerk to be proceeded with under the order appointing commissioners, which had been made by the Clerk in pursuance of the statute, Revisal, sec. 2580. In the case of *Railroad v. Newton,* 133 N. C., 132, it is decided that an order of the Superior Court in condemnation proceedings, remanding the cause to the Clerk that he may hear the same, is interlocutory and no appeal lies therefrom to the Supreme Court, though a plea in bar was filed by the defendant. That no appeal can be taken at such stage in condemnation proceed-

ings, viz., when the Judge below remands the cause to the Clerk, has been repeatedly adjudged before the case of *Railroad v. Newton*. *Telegraph Co. v. Railroad,* 83 N. C., 420; *Railroad v. Railroad,* 83 N. C., 499; *Railroad v. Warren,* 92 N. C., 622.

Appeal Dismissed.