COOK v. VICKERS.

(Filed April 10, 1906).

*Cartways—Eminent Domain—Right of Appeal.*

1. Cartways are regarded as *quasi* public roads and the condemnation of private property for such a use has been sustained upon that ground as a valid exercise of the power of eminent domain.

2. Section 16 of chapter 729, Laws 1901, confers the right of appeal, in proceedings for a cartway, from the order of the commissioners for a cartway.

3. Chapter 729, Laws 1901, does not repeal the provision of section 2056 of The Code (Rev., sec. 2686,) relating to appeals in cartway proceedings.

4. Where an appeal is expressly or impliedly given, the courts may look to other general statutes regulating appeals in analogous cases and give them such application as the particular case and the language of the statutes may warrant, keeping in view always the intention of the Legislature.

COOK v. VICKERS.

PROCEEDING for a cartway by G. W. Cook and others against Jas. Vickers and others, heard by *Judge T. J. Shaw,* at the October Term, 1905, of the Superior Court of DURHAM.

The plaintiffs, through the road supervisor of the district, filed their petition before the county commissioners for the establishment of a cartway from the residence of Geo. W. Cook, one of the plaintiffs, to the Fayetteville Road, a public highway, over the lands of the defendants, under chapter 729, Laws 1901, relating to public roads and cartways in Durham and certain other counties therein named. The commissioners granted the order and the defendants excepted and appealed to the Superior Court. The plaintiffs moved there to dismiss the appeal, which motion was heard at January Term, 1905, and refused by *Judge Peebles,* then presiding. At October term the motion was renewed before *Judge Shaw,* who allowed the same and remanded the proceeding to the board of commissioners of the county, with directions to execute the order theretofore made by them appointing five freeholders to lay out the cartway. The plaintiffs' motion to dismiss was based upon two grounds: 1. That the appeal from the commissioners was premature, as the jury of five freeholders had not carried out the order of the board by laying out the cartway and assessing the damages. 2. That no appeal is allowed by law from the order directing the cartway to be laid out, but only from the assessment of damages by the jury and the decision of the commisisoners thereon. The court dismissed the appeal upon the ground that the Act of 1901 does not provide for an appeal. The defendants excepted and appealed.

*Winston & Bryant* for the plaintiffs.
*Guthrie & Guthrie* and *Boone, Giles & Boone* for the defendant.

WALKER, J., after stating the case: The right of appeal, even where property is taken for public use, should not be denied in any case if by fair and reasonable interpretation of the law it can be allowed, and surely we should give a free construction to the statute in favor of the right, as between individuals, one of whom seeks to acquire a right or easement in respect to the other's land. There is not the same reason in the latter case for refusing the right, which is said to hold good in the former because of the usually long delay thereby caused in the furtherance of public improvements or of works in which the public have a more or less extensive interest. Cartways are regarded as *quasi* public roads and the condemnation of private property for such a use has been sustained upon that ground as a valid exercise of the power of eminent domain. The public have the right to use them and are otherwise interested in their establishment and maintenance. 1 Lewis on Em. Domain, section 167; *Cozard v. Hardwood Co.,* 139 N. C., 283. They are laid out, it is true, on application of a particular individual and paid for by him, and are designed primarily and principally for his special accommodation; but, as they are intended also for the use of the public generally, they are for this reason properly considered a part of the public road system of the county (Lewis, *supra*), and are so designated in the Act of 1901, though they are distinguished from public highways proper—being in a certain sense subsiduary to them. As the contest for a cartway is between individuals and is conducted with a view of primarily benefiting one to the detriment perhaps, of the other, we would be reluctant to hold that an appeal is denied to the land owner in such a case, while it is given in a proceeding for the opening of a public road where the people generally are concerned, unless the law imperatively so requires. We do not think it does in this instance.

In the light of what has been said, we will examine the

statutes.   The Act of 1901, chapter 729, is an amendment
to the Act of 1899, chapter 581.   The latter act made no
provision for cartways, but left them to be governed by the
general law in The Code.   Section 10 of the Act of 1901
defines a cartway and section 13 provides how it shall be
laid out.   Section 14 directs how timber, gravel and other
material may be taken for constructing, improving and re-
pairing roads and prescribes the method of making compen-
sation.   Section 15 provides for laying out public roads and
the assessment of damages.   Section 16 gives the right of
appeal to the land owner "when he is dissatisfied with the
finding of the jury provided for in sections 11 and 12 and
with the decision of the county commissioners."   Turning
to sections 11 and 12 of the act, we find that they do not re-
late to the taking of land or material or the assessment of
damages, so that it is apparent the reference to those sections
was a clerical mistake.   Section 13 and sections 14 and 15
of the Act of 1901 do relate to that subject and were evi-
dently intended for sections 11 and 12.   In substituting sec-
tions 4 to 20, inclusive, of the Act of 1901 for the sections
with corresponding numbers in the Act of 1899, the draftsman
has brought forward sections 11 and 12 of the Act of 1899
with different numbers (14 and 15) and overlooked the fact,
in drafting section 16, that a new section relating to the same
general subject, namely, section 13, referring to cartways,
had been inserted in the Act of 1901.   The language of sec-
tion 16 of the latter act clearly indicates that the Legislature
intended to give the right of appeal in all cases where land or
material is taken for road purposes, and we must so construe
it.   The provision in regard to cartways, it is true, is not
embraced by sections 14 and 15 of the Act of 1901, being in
a separate section which immediately precedes these two, but
we cannot think that it was the purpose to give the right in
the one case where public interests alone were involved, and
deny it in the other where the accommodation of an individ-

COOK *v.* VICKERS.

ual is the main object to be accomplished, especially as section 16 is comprehensive enough in its general terms to cover the latter case. The right of appeal in proceedings to establish cartways has existed for so long a time and is so just in itself, that the statute should be given such a meaning as to preserve it, if under the rules of construction it is possible to do so. There can be no doubt of the legislative intent concerning appeals in road cases. The only difficulty we encounter in holding the right to exist, under the act, in cartway cases, is that section 16 provides for appeals only if the party is dissatisfied with the finding of the jury and with the decision of the commissioners thereon, and there is no provision in section 13 of the act, relating to cartways, for a report by the jury to the commissioners and exceptions thereto, and for a confirmation, revision or rejection of the report, as in the case of roads. We should not permit this dissimilarity between provisions relating to the two subjects to defeat the leading idea of section 16, that there shall be the right of appeal by the landowner, but should rather construe section 16 in connection with the other sections relating to the laying out of roads and cartways, so as to give proper effect to it with respect to each of the others according to the nature and requirements of the particular subject matter and the object to be attained. It is very clear that section 13, as well as sections 14 and 15, was intended to come under the operation of section 16, as practically all the elements of a case wherein an appeal is allowed by that section are present in the case of cartways—the only exception being that, in the latter case, no report is directed to be made to the commissioners. But the appeal is required by section 16 to be taken from the decision of the commissioners and, in this respect, a distinction has been made by this court, in construing other statutes, between an appeal in the case of cartways, where it is taken from the decision of the commissioners ordering the cartway to be laid out and taken before

there has been an assessment of damages, and an appeal in the case of a public road or a railroad, where a report is made to the commissioners and the appeal is taken from their decision thereon. This distinction with the reasons for it is stated and applied in *Warlick v. Lowman,* 101 N. C., 548; *McDowell v. Asylum,* 101 N. C., 656; *Tel. Co. v. Railroad,* 83 N. C., 420; *Railroad v. Railroad, Ibid,* 499; *Railroad v. Warren,* 92 N. C., 622; *Railroad v. Newton,* 133 N. C., 132. It arises out of the difference in the language of the several statutes. Section 16, therefore, confers the right of appeal in proceedings for a cartway according to the nature of the case, that is, by allowing the appeal to be taken, as under The Code, from the order of the commissioners for a cartway, which is treated as their decision in that particular case.

But the right can be sustained upon another ground. The Act of 1901 does not by express terms repeal the provision of section 2056 of The Code (Revisal, section 2686,) relating to appeals in cartway proceedings. It only repeals all laws or parts of laws in conflict with it. There is no necessary repugnancy between an act providing for the laying out of a cartway, which is silent as to an appeal (if such is the case here) and a general law providing substantially for the same proceeding with the right of appeal. An implied revocation is not favored (*State v. Perkins,* at this term,) and certainly it should not be, where it will result in depriving a party of so important a right as that of an appeal by which to review the lower courts, and especially the decisions of statutory bodies not possessing many of the attributes of judicial tribunals, competent to try the questions involved. Conceding it to be true that the right of appeal is purely statutory, and that unless some statute authorizes an appeal the judgment of a court of competent jurisdiction is final, the rule should be very carefully applied in highway cases. "In such cases the statutes should be liberally construed in

COOK *v.* VICKERS.

favor of the right, and every reasonable intendment made in favor of its existence. The power of seizing property is a high one, and the assessment of benefits and damages often involves very important and difficult questions, and it should not be held, where it can be avoided, that the decision of the tribunal of original jurisdiction cannot be appealed from, since it ought not to be presumed that the Legislature meant to place the decision of a tribunal, of the rank of those to which original jurisdiction is usually given, beyond review by higher courts." Elliott on Roads and Streets, 359.

We conclude that the right of appeal from the order of the commissioners is given by the Act of 1901 and by The Code. The case will be tried *de novo* in the Superior Court *(Warlick v. Lowman, supra),* the statute and The Code as to the mode of trial in that court being very much the same.

This is not like a case where the statute is totally silent as to the right of appeal *(Railroad v. Ely,* 95 N. C., at p. 81; *Railroad v. Jones,* 23 N. C., 24), and the reasoning of the cases cited does not apply. Here, there is a general law applicable to this particular class of cases and providing the necessary procedure which, as we think, was not intended to be repealed by the Act of 1901; and, besides, the general tenor of the last named act clearly implies that an appeal was contemplated. Where an appeal is expressly or impliedly given, the courts may look to other general statutes regulating appeals in analogous cases and give them such application as the particular case and the language of the statutes may warrant, keeping in view always the intention of the Legislature. Elliott, *supra,* 360 and 362; *Blair v. Coakley,* 136 N. C., 408.

There was error in the judgment of the court, which is reversed with directions to proceed further in the cause according to the rule herein declared.

Reversed.