G. W. COOK et al. v. JOSEPH VICKERS et al.

(Filed 9 April, 1907).

**County Commissioners—Cartway—Private Act—"Sufficient Reasons"—Jury.**—When, under a private act providing that the commissioners shall order a cartway to be laid out over the lands of another by a jury of view, upon "sufficient reason" shown, a petition is made to the commissioners to lay out a cartway over the defendants' lands, it is error in the Court below to sustain a demurrer to the complaint alleging that the petitioners have a way of reaching the road in question by going a "long distance" and a "round-about way," not so convenient to them as the cartway they seek to have established; that the outlet they were then using was not theirs of right, was held by a precarious tenure, was very bad and rough and increased the distance of travel by two and a half or three miles; the question of "sufficient reason" being one for the jury under proper instructions from the Court, and the reasons assigned not being *per se* insufficient.

CIVIL ACTION, heard upon demurrer by *Justice, J.,* at the January Term, 1907, of the Superior Court of DURHAM County. The facts sufficiently appear in the opinion.

*Winston & Bryant* for plaintiffs.
*Guthrie & Guthrie* for defendants.

COOK *v.* VICKERS.

WALKER, J. When this case was here before, we held that the defendants had the right of appeal and consequently the right to a trial *de novo* in the Superior Court, 141 N. C., 101. The case was called for trial at the last term in the Court below and the defendants demurred *ore tenus* to the petition for the cartway, upon the ground that the petitioners were not entitled to the relief demanded, "as it is alleged in their petition that they already have a way of reaching the Chapel Hill Road by going a 'longer distance' and a round-about way, not so convenient to them as the cartway they seek to establish, but, nevertheless, a way out to Durham without having a cartway laid out upon the lands of the defendants." The Court sustained the demurrer and the plaintiffs appealed. The Act of 1901, ch. 729, sec. 13, under which this proceeding was brought, provides that any party desiring a cartway from his premises over the lands of his neighbor, and leading to a public road, may file his petition before the County Commissioners as therein directed, and, after due notice to those interested, the Board shall hear the matter and, "if sufficient reasons be shown," shall order the cartway to be laid out by a jury of view. Provision is then made for the protection of the lands over which the cartway runs by the erection of gates and bars across the same. It is further alleged by the plaintiffs in the petition that the way out from their premises to the Chapel Hill Road, which is not theirs of right, but held by a precarious tenure, is "a very rough and bad roadway," and the necessity of using it, which was created by Joseph Vickers, who closed a way they had formerly used, has increased the distance of travel by two and a half to three miles.

We were referred by the defendants' counsel to *Warlick v. Lowman,* 103 N. C., 122, and *Burwell v. Sneed,* 104 N. C.,

118, as authorities sustaining the ruling of the Court, but we do not think they do. They construed section 2056 of The Code (Revisal, sec. 2686), the language of which is quite different from that of the Special Act of 1901 applying to Durham County. All the latter act requires is that "sufficient reason" be shown for laying out the cartway, and we think the allegations of the petition are definite enough to entitle the petitioners to a trial by jury upon the issue raised by the answer, and that the objection urged is untenable. Whether there is sufficient reason, under all the facts and circumstances of the case, for establishing the cartway is clearly a question for the jury to determine under proper instructions from the Court. *Mayo v. Thigpen,* 107 N. C., 63; *Burgwyn v. Lockhart,* 60 N. C., 265. His Honor erred in deciding it as a question of law upon the allegations of the complaint. The judgment will be set aside and the issue joined will be submitted to a jury.

Error.