W. S. BARBER ET AL. v. L. H. GRIFFIN ET AL.

( Filed 13 March, 1912.)

1. Public Highways — Cartways — Petition — Sufficiency—Demurrer Ore Tenus—Interpretation of Statutes.

A petition for a cartway over the lands of the respondents alleged that it was necessary in order to get a convenient pathway and outlet to the public road to cross the respondents' land, and that the respondents closed up an old pathway which had run through their lands for over forty years, greatly to the detri-

BARBER *v.* GRIFFIN.

ment and inconvenience of the petitioners: *Held,* the petition stated facts sufficient to constitute a cause of action, and it should not be dismissed upon a demurrer *ore tenus.* Revisal, sec. 2686.

2. **Public Highways — Prescriptive Rights—Easement—Inconsistent Pleadings.**

A claim of a prescriptive right to the use of an old pathway across the respondents' land, or of an easement therein, is inconsistent with the character of proceedings by petition to get a convenient pathway and outlet to a public road across the respondents' lands. Revisal, sec. 2686.

3. **Highways—Cartways—Condemnation—Eminent Domain.**

Cartways are *quasi*-public roads in which the public have a direct, personal interest, and condemnation of private property for such a use is sustained as a valid exercise of the power of eminent domain.

4. **Public Highways—Cartways—Old Cartways—Evidence.**

In proceedings under a petition for a cartway over respondents' lands there was evidence tending to show that the respondents had closed up an old pathway across their lands to the petitioners' great inconvenience, etc.: *Held,* evidence as to the use of the old pathway, its convenience and directness, was competent as tending to prove its convenience to the public, permitting the jurors, should they see fit, to lay out the new pathway over the route of the old one.

5. **Public Highways — Cartways — Proceedings to Establish — Evidence—Elements for Consideration.**

In proceedings under a petition for a cartway over respondents' lands, a request for instructions is properly refused, that if petitioners by acting together can establish a cartway over their own lands to the public road, they are not entitled to the cartway over the respondents' lands, for it ignores the question of distance, convenience, and reasonableness.

APPEAL from *Cooke, J.,* at September Term, 1911, of MARTIN.

Petition for a cartway, under Revisal, sec. 2686.

This issue was submitted to the jury: Is the cartway proposed by the plaintiff necessary, reasonable, and just? Answer: Yes.

From the verdict and judgment establishing the cartway the defendant appealed.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Brown.*

*A. R. Dunning for plaintiffs.*

*Martin & Critcher, S. J. Everett, for defendants.*

BROWN, J.   The defendants moved to dismiss the petition upon the ground that the same did not state facts sufficient to constitute a cause of action, and to have the same considered as demurrer *ore tenus.*

We think his Honor properly overruled the motion.   The petition sets forth the fact that for over forty years there was an old pathway running through the lands of the petitioners, and the defendants, L. H. and Caroline Griffin, which was closed up by the said Griffin, greatly to the detriment and inconvenience of the petitioners.   The petitioners further set forth that in order to get a convenient pathway and outlet to the public road, it is necessary to cross the lands of the said L. H. and Caroline Griffin.

The petitioners do not seem to rely upon any prescriptive right to the use of the old pathway, nor do they set up any easement over the Griffin lands.   That would be inconsistent with the character of this proceeding.   It is patent from a cursory reading of the Revisal, sec. 2686, that the facts set forth in this petition bring this proceeding clearly within the language and spirit of the statute.

Cartways are regarded as *quasi*-public roads, and the condemnation of private property for such a use has been frequently sustained upon that ground as a valid exercise of the power of eminent domain.   This question is fully considered by *Mr. Justice Walker* in the case of *Cook v. Vickers,* 141 N. C., 103. These cartways are public institutions in which the public have a direct, personal interest.   1 Lewis Em. Domain, sec. 167.

The next exception is to the ruling of the court admitting evidence of the old pathway upon the ground that laying out the new pathway was a matter entirely within the discretion of the five freeholders.   We see no force in the objection.   The issue seems to have been submitted to the jury in almost the very language of the statute.   In passing on the reasonableness

and the necessity, as well as.the convenience of the new cart-
way sought to be laid out, evidence as to the use of the old
pathway, its convenience and directness, was competent as tend-
ing to prove its utility to the public. It would not be a viola-
tion of the statute, if the jurors saw fit to do so, to lay out the
new pathway over the route of the old.

The defendants requested his Honor to instruct the jury that
if the petitioners by acting together can establish a cartway
over their own lands to the public road, then they are not enti-
tled to a cartway over the lands of the defendants. This in-
struction seems to ignore entirely the question of distance, con-
venience, and reasonableness. In that particular we think his
Honor gave all that the defendants were entitled to when he
instructed the jury that the petitioners are not entitled to have
this cartway simply as a convenience, or because it enables them
to reach the public road from the lands upon which they may
reside by a shorter or more convenient route, as there is no
public outlet serving such a purpose. The case was put to the
jury upon the necessity, reasonableness, and justice to the peti-
tioners in permitting them to have the cartway as laid out.

Upon examination of all the evidence, together with the lucid
charge of the court, we think no error has been committed of
which the defendants can justly complain.

No error.