Indictment charging defendant with unlawfully and willfully removing a part of a fence surrounding a certain cultivated field.
Upon a special verdict his Honor adjudged defendant not guilty and State appealed.
"The defendant was indicted upon the bill hereto attached. We find that the defendant tore away the fence of prosecutrix and prosecutor on the road and on the woods side of the field of the prosecutrix within two years before the finding of this bill; that said fence surrounded *Page 547 
a cultivated field, and that the tearing away of said fence was (653) an injury to said fence. We further find that the defendant proceeded to commit said acts and did commit said acts under and by virtue of certain proceedings marked Exhibit A, and made a part of this verdict, and that said Exhibit A is the record of proceedings which were begun and prosecuted for the opening of a cartway, and said cartway purports to be laid off where said defendant cut said fence. We find that judgment was rendered at February Term, 1911, dismissing prosecutor's appeal from said proceedings (said judgment marked B and made a part of this verdict). That the cutting of said fence was after the rendition of said final judgment. If the court is of opinion that on these findings defendant is guilty, we find him guilty; otherwise, we find him not guilty."
The court being of the opinion that the defendant is not guilty, so adjudged.
We agree with the judge below that the board of supervisors has jurisdiction to lay out cartways such as appears to have been done in this case. Cook v. Vickers, 141 N.C. 103; Barbee v. Griffin, ante, 348.
There are irregularities in the proceedings, but they are not wholly void on their face so as to subject defendant to indictment for obeying the order directed to him, and commanding him to open the cartway.
We concur with his Honor that defendant upon the special verdict and exhibits called for in it is not guilty.
Affirmed.
(654)