J. W. FARMER v. MRS. ED. BRIGHT.

(Filed 2 June, 1922.)

1. **Easements — Way of Necessity — Cartways — Statutes—Public-Local Laws.**

   While, under the provisions of our general statute, C. S., 3836 et seq., a petitioner who already has an outlet from his lands to a public road, reasonably sufficient for the purpose, is not allowed to have an additional or different cartway established merely because a shorter and better route can be shown, it may be otherwise when the petitioner has proceeded under the provisions of a special local law applicable to a certain county allowing it under certain conditions, the provisions of the local law controlling those of the general statute on the subject.

2. **Same—Counties—Petition—Evidence—Nonsuit—Questions for Jury— Trials.**

   Where, under the provisions of a public-local law, the commissioners of a county, etc., upon petition, may cause a private cartway over the lands of an adjoining owner to be established upon sufficient reason shown: Held, the general law, C. S., 3836, is not applicable, and upon appeal by the petitioner from the refusal of the county commissioners to order the cartway made, it is error for the Superior Court judge to dismiss the action as of nonsuit upon the evidence, which, if accepted by the jury, would entitle the petitioner to have his cartway in accordance with the terms of the local statute applicable.

APPEAL by plaintiff from Brock, J., at January Term, 1922, of HAYWOOD.

Proceedings to establish a cartway over lands of defendant, under Public-Local Laws 1921, ch. 291, heard on appeal from action by board

of county commissioners dismissing the petition.    At close of plaintiff's
evidence, on motion, there was judgment of nonsuit entered against
plaintiff, whereupon plaintiff excepted and appealed.

*Alley & Alley and Morgan & Ward for plaintiff.*
*Grover C. Davis and W. J. Hannah for defendant.*

HOKE, J.   There was evidence on the part of plaintiff tending to show
that he lived in Haywood County, one and a half miles east of Hazel-
wood, and that he had no public road and no cartway as of right leading
out from his home to the public road.    That he was using, by permis-
sion, a road over the lands of Frank Welch, Esq., which enabled him to
reach a public road, but this was one mile further than the proposed
cartway in reaching plaintiff's mill, church, schoolhouse, etc.    That the
proposed cartway to a public road, leading over defendant's land, had
been used for fifty years for travel on foot and with vehicles, but it had
never been laid off as a cartway, and there was doubt if it has been used
as of right, and recently it had been closed to plaintiff by the owner,
leaving him without a lawful or desirable outlet to the public road in the
direction of his church, mill, and schoolhouse.    There was evidence that
a road led out to a public road towards the county site, but in an opposite
direction to the one now petitioned for.

That the proposed cartway would be for 1,850 feet on plaintiff's own
land, and only 750 feet on the lands of the defendant.

While a petitioner who already has an outlet to a public road, reason-
ably sufficient for the purpose, is not allowed to have an additional or
different cartway established merely because a shorter and better route
can be shown, we are of opinion that on the facts as they now appear of
record, the plaintiff is entitled to have the question referred to a jury as
to whether sufficient reasons exist for the proposed way.    It will be
noted that the proceedings are instituted under Public-Local Laws 1921,
ch. 291, and not under the general statutes on the subject.    C. S., 3836
*et seq.*

Under a similar special statute, and on substantially similar facts, the
Court, in *Cook v. Vickers,* 144 N. C., 312, held that the question of
whether sufficient reasons had been shown must be determined by the
jury, having due regard for the rights of all persons interested in the
matter, and we consider that case as decisive of the question as presented
on this appeal.

The cases, referred to and relied upon by the appellee, of *Warlick v.*
*Lowman,* 104 N. C., 403, and others, were decisions construing the
general statute on the subject.    It is not necessary now to determine
whether the strict interpretation of the general statute as it prevailed

in those authorities has not been modified by the rulings of *Cook v. Vickers, supra,* for, as stated, these proceedings are instituted under the local law, and the disposition of the case is controlled by the later decision.

This will be certified that the judgment of nonsuit be set aside and the question submitted to the jury.

Reversed.