ERVIN WALDROUP v. HARDY·FERGUSON.

(Filed 2 March, 1938.)

1. **Highways § 13—**

   Cartways are *quasi*-public roads, laid out and designed principally for the benefit of individuals, and paid for by them, although also intended to some extent for public use, and cartways may be established solely to give petitioning individuals access to a public highway.

2. **Highway § 14: Constitutional Law § 16—**

   The establishment of a cartway involves the taking of private property by eminent domain, and land therefor may not be taken without giving the owner notice and an opportunity to be heard, with right of appeal according to the due course of law. N. C. Constitution, Art. I, sec. 35.

3. **Highways § 14: Statutes § 10—Where private act does not provide constitutional procedure for certain remedy, later general statute providing such remedy is in force in the locality.**

   Ch. 40, Public-Local Laws of 1913, relating to highways in Madison County, does not provide a constitutional method for the establishment of cartways in the county in that it fails to give the owner of land sought to be taken for this purpose notice and an opportunity to be heard, and therefore ch. 448, Public Laws of 1931 (C. S., 3835-3838), prescribing general laws and constitutional procedure for the establishment of cartways, is in force and effect in Madison County, and the rights of litigants in the establishment of cartways in the county should be controlled and

determined by the later general act. *Rogers v. Davis*, 212 N. C., 35, cited and distinguished in that the private act applicable to Haywood County provided a constitutional method for the establishment of cartways in that county.

APPEAL by petitioner from *Johnston, J.,* at November Term, 1937, of MADISON. Reversed.

This was a proceeding for the establishment of a cartway over land of the respondent.

The petitioner, in accordance with chapter 448, Public Laws 1931 (C. S., 3835-3838), filed petition before the clerk of the Superior Court asking that a cartway be laid out over the land of the respondent. Respondent filed answer in effect admitting the material facts upon which the petition was based, and asking that the jury of view lay out only sufficient land for the petitioner's purpose and assess adequate damages. The clerk, from the pleadings, held that a cartway for petitioner over respondent's land was necessary, reasonable and just, and appointed jury of view to go upon the land, lay off the cartway and assess damages. Upon the coming in of the report of the jury, the respondent filed exceptions, on the ground of inadequacy of damages and improper method of laying out the cartway. The clerk confirmed the report of the jury and respondent excepted and appealed to the Superior Court, contending that chapter 40, Public-Local Laws 1913, applied, and that the clerk was without jurisdiction and the proceeding void.

Upon the hearing in the Superior Court, it was held by the judge presiding that chapter 40, Public-Local Laws 1913, and laws amendatory thereof were not repealed by chapter 448, Public Laws 1931 (C. S., 3835), and that the clerk was without jurisdiction, and dismissed the proceeding. The petitioner appealed to this Court.

*Calvin R. Edney for petitioner, appellant.*
*John H. McElroy for respondent, appellee.*

DEVIN, J. The only question presented by this appeal is whether the pertinent provisions of chapter 40, Public-Local Laws 1913, with reference to cartways, are still in force and constitute the sole method for laying out and establishing cartways in Madison County.

It was held by this Court in *Rogers v. Davis,* 212 N. C., 35, that chapter 448, Public Laws 1931, the general statute, did not have the effect of repealing chapter 119, Public-Local Laws 1923, with reference to cartways in Haywood County, since the general statute contained no repealing clause, and the local statute was regarded as an exception to the public law. *Schenck, J.,* speaking for the Court in that case, said: "When the provisions of a general law, applicable to an entire state, are

repugnant to the provisions of a previously enacted special law, applicable in a particular locality only, the passage of such general law does not operate to modify or repeal the special law, either in whole or in part, unless such modification or repeal is provided for by express words, or arises by necessary implication."

The conclusion reached in that well considered case was based upon sound reason and is supported by abundant authority. But the decision in that case was predicated upon the finding that the local statute applicable to Haywood County contained ample and properly enforceable machinery and methods for establishing cartways in that county. An examination of chapter 119, Public-Local Laws 1923, applicable to Haywood County, shows that this local act required that the proceeding be commenced by filing petition in writing with the board of county commissioners, that due notice be given those over whose lands the cartway is sought to be established, that timely hearing be had before the board, with provision in the statute for appeal to the Superior Court where the matter may be heard by the court and jury *de novo.*

An examination of chapter 40, Public-Local Laws 1913, however, reveals that the Madison County act contains none of these safeguards to the rights of the parties and does not provide for the landowner a "remedy by due course of law," as required by Art. I, sec. 35, of the Constitution of North Carolina.

The local statute applicable to Madison County enacted a general road law for the county, created a board of road commissioners to administer it, and designated in detail their duties and powers. In section 18 of chapter 40 the board of road commissioners were directed to classify the roads of the county into four classes or divisions, the first three to be designated according to width and grade, and the fourth class to constitute and embrace "cartways or roads not maintained by the public." Section 22 contains the machinery for establishing new roads by the board of road commissioners, "when it shall appear to them by petition or otherwise that it is to the best interest of the traveling public to lay out and establish a new road," with provision for appointment of jury of view to assess benefits and damages, and for "appeal from the finding of the jury to the Superior Court." These portions of the section manifestly apply only to public roads and not to cartways. The only provision as to method of laying out cartways is set forth in the following portion of section 22: "But when the road to be laid out, or amended and relocated, is of third or fourth class, the board may in its discretion order a jury of three freeholders," who, after being notified of their appointment, "shall meet at the time and place named in the notice, and after being duly sworn, proceed to lay out and locate said road, or amend and relocate, as the case may be, and report in writing to the

board issuing the order, and shall at the same time assess any and all damages accruing to any person over whose land the said road passes, taking into consideration any special benefits to the owner. Either party may appeal to the Superior Court, as in this section provided, on the question of damages."

By an amendatory act the name of the road board was changed to Madison County Highway Commission, and by chapter 529, Public-Local Laws 1921, this Commission was abolished and their duties and powers vested in the board of county commissioners. By chapter 343, Public-Local Laws 1931, the Highway Commission for Madison County was created and directed to act in place of the board of county commissions in relation to the highways of the county. By chapter 145, Public Laws 1931, exclusive control of all public roads in the State was vested in the State Highway Commission, and all local road commissions by whatever name called or however created were abolished. But none of these local or general statutes relate to cartways in Madison County.

In *Cook v. Vickers,* 141 N. C., 101, 53 S. E., 740, it was said that cartways were regarded as *quasi*-public roads, and that condemnation of private property for such use had been sustained only upon that ground as a valid exercise of the power of eminent domain. They are laid out on the application of particular individuals and paid for by them, and are designed primarily and principally for their special accommodation, but are intended also to some extent for the use of the public. As distinguished from a public highway—that is, one established and maintained by public authority for the traveling public—a cartway is a way established "for a person who has not the benefit of a public highway, and for that reason alone." *S. v. Purify,* 86 N. C., 681; *Warlick v. Lowman,* 103 N. C., 122, 9 S. E., 458; *Barber v. Griffin,* 158 N. C., 348, 74 S. E., 110; *S. v. Haynie,* 169 N. C., 277, 84 S. E., 385.

The contest for a cartway is between individuals and is conducted with a view of primarily benefiting one to the detriment of the other, and the landowner whose land is being taken is entitled to notice, opportunity to be heard, and ordinarily to an appeal according to the due course of law.

An act which permits a person to be summarily deprived of his rights other than by the ordinary course of judicial procedure, cannot be upheld. The property of a person may not be taken against his will for the benefit of another without giving him a day in court. Notice and opportunity to be heard are fundamental. *Lumber Co. v. Smith,* 146 N. C., 199, 59 S. E., 653; *Markham v. Carver,* 188 N. C., 615, 125 S. E., 409; *Brewer v. Valk,* 204 N. C., 186, 167 S. E., 638; *Beaufort County v. Mayo,* 207 N. C., 211, 176 S. E., 753; *Lexington v. Lopp,* 210 N. C., 196, 185 S. E., 766; *Simon v. Craft,* 182 U. S., 427; *Truax v. Corrigan,* 257 U. S., 312.

In *Cook v. Vickers,* 144 N. C., 312, 57 S. E., 1, cited with approval in *Brown v. Mobley,* 192 N. C., 470, 135 S. E., 304, *Walker, J.,* said: "Whether there is sufficient reason, under all the facts and circumstances of the case, for establishing the cartway is clearly a question for the jury to determine, under proper instructions from the court."

It is apparent that rights regarded as fundamental are not accorded in the procedure for laying out and establishing cartways prescribed by chapter 40, Public-Local Laws 1913, even if the meager provisions as to "third and fourth class roads" refer to cartways at all, and hence the learned judge was in error in ruling that petitioner was relegated to that act as providing the sole method of procedure. It follows that chapter 448, Public Laws 1931, prescribing general laws and procedure for the establishment of cartways, was and is in force and effect in Madison County and should control the determination of the rights of the litigants in the instant case.

The judgment of the Superior Court is reversed and the cause remanded for further proceedings under the statutes herein held to be applicable to this case.

Reversed.