J. WALDO GRIMES, TRADING AS HOMESTEAD OIL COMPANY, v. THE
HOME INSURANCE COMPANY OF NEW YORK.

(Filed 6 March, 1940.)

**1. Arbitration and Award §§ 6, 12—**

A party to an arbitration agreement has the right, both at common law
and by statute, Public Laws of 1927, chapter 94, section 6, Michie's Code,
898 (f), to notice and an opportunity to present evidence as to all matters
submitted, and in the absence of notice the award is not binding upon him
and does not estop him from instituting action in the Superior Court.

**2. Arbitration and Award § 9—**

Where a party who is not bound by the award institutes action in the
Superior Court, and defendant pleads to the merits, and issue is joined
and the jury impaneled, the court is without authority to order resub-
mission to the arbiters over defendant's objection, and defendant's par-
ticipation in the second hearing before the arbiters does not constitute a
waiver of its exception.

APPEAL by defendant from *Burgwyn, Special Judge,* at November
Term, 1939, of EDGECOMBE.   Error and remanded.

Plaintiff's truck, while insured by defendant against loss or damage
due to collision, was demolished 15 December, 1938, as result of collision
with a locomotive engine.   In accord with the terms of the policy of
insurance, plaintiff and defendant executed an agreement in writing to
submit the question of the amount of the damage to named appraisers,
with directions to them to select an umpire, the award in writing of any
two to determine the amount of damage.   Thereafter the two named
appraisers submitted an award fixing the total loss and damage at
$485.00.   It appeared, however, that the attempted appraisal was made
without notice to plaintiff and without giving him an opportunity to be
heard.   The plaintiff refused to accept or be bound by the award, and
instituted an action in the Superior Court, and filed complaint setting
up the policy and the loss due to collision, and praying that he recover
$650.00 therefor.   The defendant filed answer admitting liability under
the policy but denying the amount of the loss alleged, and pleading
estoppel by the award.   When the case came on for hearing in the
Superior Court, before Thompson, judge presiding at June Term, 1939,
after the pleadings were read and the jury impaneled, the court ordered
that the matter in controversy be again submitted to the appraisers
theretofore appointed by the parties.   The defendant excepted to the
order of reappraisal, reserving right of appeal to the Supreme Court.
Thereafter one of the appraisers, together with the umpire, signed an
award fixing the loss at $606.00.   To this award defendant noted excep-

tion. At November Term, 1939, Burgwyn, special judge presiding, the award of reappraisement was confirmed, the court finding that defendant had waived its rights by appearing before the appraisers and taking part in the reappraisement. Judgment was entered for plaintiff for the amount last fixed by the appraisers, less the amount deductible under the terms of the policy. Defendant appealed to the Supreme Court, assigning errors in the order of Thompson, J., and in the judgment of Burgwyn, Special Judge.

*B. H. Thomas for plaintiff.*
*Wilkinson & King for defendant.*

DEVIN, J. The award made by the appraisers, under the agreement of the parties for the submission of the question of the amount of loss due to collision under the terms of the policy of insurance, was properly held not binding on the plaintiff by reason of the absence of notice and opportunity to be heard. Public Laws 1927, ch. 94, sec. 6; Michie's Code, 898 (f). It is a well recognized rule that the parties to an arbitration proceeding, independent of statute, have a right to be heard and opportunity to present evidence as to all matters submitted. 3 Am. Jur., 929; 6 C. J., sec. 198. "Notice and opportunity to be heard are fundamental." *Waldroup v. Ferguson,* 213 N. C., 198, 195 S. E., 615. Hence the plea of estoppel by the first award could not avail the defendant under the facts of this case. But the case was then in the Superior Court at the suit of the plaintiff. The defendant had pleaded to the merits. The issue was joined, and the jury impaneled. It was error, over the objection of the defendant, to transfer the trial of the issue of fact raised by the pleadings to arbitration or appraisement. C. S., 556.

The fact that defendant, after noting exception to the order of Judge Thompson, participated in the hearing before the appraisers and umpire may not be held to constitute waiver of its exception. As in case of compulsory reference, the defendant preserved its right to trial in the Superior Court and before a jury by excepting in apt time to the order, and again to the award. *Lumber Co. v. Pemberton,* 188 N. C., 532, 125 S. E., 119; *Brown v. Buchanan,* 194 N. C., 675, 140 S. E., 749; *Cotton Mills v. Maslin,* 200 N. C., 328, 156 S. E., 484.

The cause is remanded to the Superior Court of Edgecombe County for jury trial on the issue raised by the pleadings, unless some other method of trial be agreed upon by the parties.

Error and remanded.