ELMER LOWE, Petitioner v. PAUL RHODES, Defendant

No. 7023SC315

(Filed 5 August 1970)

1. **Highways and Cartways § 15— cartway proceeding — trial de novo in superior court**

     When a case involving a cartway is appealed from the clerk to the superior court, trial in superior court is *de novo*. G.S. 136-68.

2. **Highways and Cartways § 15— possession of cartway pending appeal**

     The provision of G.S. 40-19 which allows the condemnor in an eminent domain proceeding to take possession of the condemned premises pending an appeal to the superior court upon payment into court of the sum appraised by the commissioners is not applicable to a proceeding to establish a cartway brought under G.S. 136-68 *et seq.*; therefore, the superior court erred in allowing petitioner to take possession of a cartway pending appeal by defendant landowner to the superior court.

BROCK and BRITT, JJ., concur in result.

APPEAL from *Armstrong, J.,* March 1970 Civil Session, WILKES Superior Court.

This proceeding was instituted by the plaintiff, Elmer Lowe (Lowe), against the defendant Paul Rhodes (Rhodes), under the provisions of G.S. 136-68 *et seq.*, to establish a cartway across the lands of the defendant. The matter was first heard, according to statutory provisions, by the Clerk of Superior Court in Wilkes County. The clerk found that Lowe was entitled to a cartway across the lands of Rhodes and appointed a jury of view of three disinterested freeholders to lay off the cartway and to assess damages. On 29 October 1969, the commissioners submitted their report to the clerk for his approval. The report contained a description of the cartway and damages assessed in the amount of $750.00. Rhodes excepted to the ruling of the clerk and appealed to the superior court from the report of the commissioners and the order of the clerk.

After the appeal was entered Lowe filed a motion in superior court asking the court to authorize him to take possession of and hold the cartway pending appeal to the superior court. After considering the motion, Judge Armstrong entered the following order:

"This cause coming on to be heard and being heard before the undersigned Judge presiding over the March 9, 1970

Civil Session of Superior Court of Wilkes County on motion of the petitioner to be placed in possession of the cartway established by the jury of view appointed by the Clerk Superior Court, Wilkes County pending the appeal to the Superior Court in this proceeding, upon condition that the petitioner pay into the office of the Clerk Superior Court, Wilkes County for the use and benefit of the defendant the sum of Seven Hundred Fifty ($750.00) Dollars being the damages assessed by the jury of view;

"And it appearing to the undersigned Judge that all parties have had proper notice of the motion, and that all parties are present in court by and through their respective attorneys of record;

"And the court having considered the argument of counsel, the briefs filed in this proceeding by counsel, the pleadings, the report of the jury of view, and all orders heretofore entered in this cause;

"And the court having examined the civil issue docket of the Superior Court of Wilkes County and having questioned counsel concerning the approximate time when this matter will be before the Superior Court for trial on the merits, and it appearing to the court that there will be considerable delay before this action comes on for trial in the Superior Court of Wilkes County, possibly for as long as twelve (12) to eighteen (18) months, and it further appearing to the court that this action was instituted July 9, 1969, that the jury of view made its report on the 29th day of October, 1969, that the defendant appealed from said order, and that there will be a substantial delay before the matter can be heard on its merits;

"And it further appearing to the court that G.S. 136-68 provides that on appeal to the Superior Court in cartway proceedings that the procedure established under Chapter 40, entitled 'Eminent Domain', shall be followed insofar as the same is applicable and in harmony with the provisions of the cartway proceedings; and it further appearing to the court that G.S. 40-19 provides that on appeal to the Superior Court in an Eminent Domain proceeding that the condemning party may, if it so desires, pay into court the sum appraised by the commissioners and that in such event the condemning party may then enter, take possession of, and hold the

condemned lands until the final judgment rendered on the appeal to the Superior Court; and the undersigned being of the opinion that this provision of the Eminent Domain Law is applicable to a cartway proceeding commenced under G.S. 136-68 *et seq.*;

"Now, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

"1.   That the provision of the Eminent Domain Law allowing the condemning party to take possession of the condemned premises pending an appeal to the Superior Court upon payment into the court of the sum appraised by the commissioners, applies to cartway proceedings established under G.S. 136-68 and by virtue thereof the petitioner in this proceeding shall, upon compliance with the terms of this order, be authorized to enter into, take possession of, and use the cartway established by the jury of view in this proceedings, pending the final judgment rendered on the appeal to the Superior Court of Wilkes County.

"2.   In the discretion of the court, and to promote the ends of justice in this proceeding, the court, in its discretion, orders that the plaintiff may enter into, take possession of, and hold the cartway established by the jury of view, upon compliance by the plaintiff with the terms of this order, pending the final judgment rendered on the appeal to the Superior Court of Wilkes County.

"3.   In order to enter into, take possession of and use the cartway, pending such final judgment, the plaintiff shall pay into the office of the Clerk of Superior Court, Wilkes County the sum of Seven Hundred Fifty ($750) Dollars, being the sum assessed by the jury of view. The petitioner shall further post with the court a justified bond in the sum of Five Thousand ($5,000.00) Dollars to save the defendant harmless from any damage done to his property by virtue of the petitioner's use and possession of the cartway, in the event that the final judgment entered in this proceeding should decree that the plaintiff is not entitled to the establishment of a cartway over the land of the defendant.

"This 10 day of March, 1970.

"FRANK M. ARMSTRONG
Judge Presiding"

From the entry of this order giving Lowe possession and use of the cartway pending trial in the superior court, Rhodes excepted and appealed, assigning error.

*E. James Moore for petitioner appellee.*

*Wicker, Vannoy and Moore, by J. Gary Vannoy, for defendant appellant.*

HEDRICK, J.

The sole question presented on this appeal is whether the superior court judge committed error in allowing the appellee to take possession of the cartway premises pending trial *de novo* in the superior court.

Under the provisions of G.S. 136-68, *et seq.*, the clerk of superior court is given the authority to grant or deny to one individual a cartway across the lands of another. G.S. 136-68 also provides that "[f]rom any final order or judgment in said special proceeding, any interested party may appeal to the superior court for trial *de novo* and the procedure established under chapter 40, entitled 'Eminent Domain,' shall be followed in the conduct of such special proceeding *insofar as the same is applicable and in harmony with the provisions of this section.*" (Emphasis added) The question for our determination then, is whether the provisions of Chapter 40 are applicable to the situation presented in the present case.

G.S. 40-19, insofar as it is pertinent to this case, is as follows:

"Within twenty days after filing the report the corporation or any person interested in the said land may file exceptions to said report, and upon the determination of the same by the court, either party to the proceedings may appeal to the court at term, and thence, after judgment, to the appellate division. The court or judge on the hearing may direct a new appraisal, modify or confirm the report, or make such order in the premises as to him shall seem right and proper. *If the said corporation, at the time of the appraisal, shall pay into court the sum appraised by the commissioners, then and in that event the said corporation may enter, take possession of, and hold said lands, notwithstanding the pen-*

*dency of the appeal, and until the final judgment rendered upon said appeal."* (Emphasis added)

In order that we may properly determine the applicability of this section of the General Statutes to the present case, it is necessary that we review the law regarding an appeal in a cartway proceeding prior to 1931 when it was made a part of the "Eminent Domain" proceedings. In Revised Statutes of North Carolina, Chapter CIV, Section 33, the county courts in North Carolina were given the power to lay out cartways upon the fulfillment of certain conditions. Section 36 gave the parties the right to appeal as follows:

"Either party, dissatisfied with the judgment of the county court in any case arising under the thirty-third section of this act, shall have a right to appeal to the superior court of said county *under the same rules and restrictions as in other cases of appeals."* (Emphasis added)

This statute remained substantially as quoted above until 1901. In 1901 the Legislature, by Chapter 729, amended Chapter 821, Laws 1899, by providing that the act would include cartways; however, they did not provide a method of appeal from a matter involving a cartway. In *Cook v. Vickers,* 141 N.C. 101, 53 S.E. 740 (1906), the North Carolina Supreme Court held that a right to appeal did exist in cartway proceedings and that that right could be exercised under the general law of the State. In 1931 the Legislature again acted with reference to cartways and changed the statute to include appeals from cartway proceedings in the provisions established for appeals from eminent domain proceedings. The apparent basis for this change was that cartways are considered to be essentially a part of the eminent domain law. In *Parsons v. Wright,* 223 N.C. 520, 27 S.E. 2d 534 (1943), our Court said:

"Cartways are public roads in the sense that they are open to all who see fit to use them, although the principal benefit inures to the individual or individuals at whose request they were laid out. The term is used merely for the purpose of classification and to distinguish a class of roads benefiting private individuals who, instead of the public at large, should bear the expense of their establishment and maintenance. They are designated *quasi*-public roads, and the condemnation of private property for such use has been frequently sus-

tained upon that ground as a valid exercise of the power of eminent domain. *Cook v. Vickers*, 141 N.C. 101, 58 S.E., 740; *Barber v. Griffin*, 158 N.C., 348, 74 S.E., 110; *Waldroup v. Ferguson*, 213 N.C., 198, 195 S.E., 615; 50 C.J., 380, sec. 5. They are properly considered an auxiliary part of the public road system of the county, although they are distinguished from public highways proper. *Cook v. Vickers, supra.*"

Thus, we can see that the Legislature felt that since cartways were a part, to some extent, of the public highway system there should be some method of protecting them. In placing the cartway appeal procedure under the eminent domain procedure, however, the Legislature was careful to insert a provision that the procedure established for eminent domain appeal was to be utilized "[i]nsofar as the same is applicable and in harmony with the provisions of this section." Can we, therefore, hold that all of the procedure established for eminent domain proceedings on appeal is applicable to appeals in matters involving the granting or denying of a cartway? We think not. That there are distinctions between the two proceedings has been expressly recognized by our Supreme Court in the case of *Dailey v. Bay*, 215 N.C. 652, 3 S.E. 2d 14 (1939). In that case, *Barnhill, J.,* speaking for the Court, said:

"There is a necessary distinction drawn as to the right of appeal in condemnation proceedings and in proceedings for the establishment of a cartway. Ordinarily the municipal or public service corporation seeking a right-of-way by condemnation is entitled to the easement as a matter of right. The establishment of the bounds of the easement and the assessment of damages are the matters primarily involved. No appeal lies until the easement is laid out and the damages assessed. In proceedings under C.S., 3836, as amended, the right to a cartway is primarily at issue. An adjudication as to that affects a substantial right of the parties and is deemed to be a final judgment from which either party may appeal. Due to this distinction the cases cited by petitioner are not decisive of the question here presented.

"Upon the docketing of the appeal upon the civil issue docket the Superior Court acquired full jurisdiction thereof and it is its duty to determine the issues of fact and questions of law involved."

Lowe v. Rhodes

[1] When a case involving a cartway is appealed from the clerk to the superior court, trial in superior court is *de novo*. G.S. 136-68; *Candler v. Sluder*, 259 N.C. 62, 130 S.E. 2d 1 (1963). "The issue to be tried in superior court is the same as before the clerk—whether petitioners are entitled to a cartway over some lands. It involves only the elements set out in G.S. 136-69." In the trial *de novo* it is entirely possible that the party that won in the hearing below, in this case the petitioner, will not win on appeal. If this occurs the property of the defendant has been injured by giving the plaintiff possession of the proposed cartway pending appeal. It is true that under the provisions of G.S. 40-19 the respondent is afforded some protection by the requirement that the condemnor pay into court the amount of damages assessed by the commissioners pending the appeal to the superior court. This requirement in the statutes contemplates the inevitable loss of the property by the appealing respondent to the condemnor. In the present case we have an individual attempting to condemn property belonging to another individual rather than the State or a subdivision thereof with powers of eminent domain taking the property of the individual. A careful review of the appeal procedure prior to 1931 and the inclusion of the cartway appeal procedure in the procedure established for eminent domain leads us to the conclusion that the Legislature has never intended that this particular portion of the eminent domain procedure be applied to an appeal from the clerk of court allowing a cartway to be laid off.

[2] It is our belief, and we so hold, that that provision in G.S. 40-19, which gives the court the authority to give possession and use of land to the condemnor while pending appeal, is not applicable to proceedings brought under G.S. 136-68, *et seq.*, and the order of Judge Armstrong giving the petitioner possession and use of the cartway pending appeal is hereby reversed.

Reversed.

BROCK and BRITT, JJ., concur in result.