GEORGE C. JONES, JR., Petitioner v. ROBERT J. WINCKELMANN, VIRGINIA WINCKELMANN, BLACK HORSE RUN PROPERTY OWNERS' ASSOCIATION OF RALEIGH, INC., FLEET MORTGAGE CORP., f/k/a FLEET REAL ESTATE FUNDING CORP., MICHAEL LEE FRAZIER, WACHOVIA BANK OF NORTH CAROLINA, N.A., NEW SALEM, INC., AND ANNA LEGGIO, Respondents

No. COA98-1023

(Filed 6 July 1999)

**Highways and Streets— cartway—appeal to superior court— no final order by clerk**

A superior court order in a cartway proceeding (under a now repealed portion of the statute) was vacated where a final judgment or order had not been entered by the clerk and the trial court lacked jurisdiction. N.C.G.S. § 136-68 (Cum. Supp. 1997).

Judge Lewis concurring.

JONES v. WINCKELMANN

[134 N.C. App. 143 (1999)]

Appeal by respondents from judgment entered 30 June 1998 by Judge Stafford G. Bullock in Wake County Superior Court. Heard in the Court of Appeals 28 April 1999.

*George C. Jones, Jr., pro se, petitioner appellee.*

*Wallace, Creech & Sarda, L.L.P., by Peter J. Sarda and Richard P. Nordan for respondent appellants Robert J. Winckelmann, Virginia Winckelmann, Fleet Mortgage Corporation, and Michael Lee Frazier.*

*Jordan, Price, Wall, Gray & Jones, L.L.P., by Henry W. Jones, Jr., and C. Marshall Lindsay, for respondent appellant Black Horse Run Property Owners' Association.*

*Ragsdale, Liggett & Foley, PLLC, by Michael V. Lee, for respondent appellant Anna Leggio.*

HORTON, Judge.

This is a special proceeding which was instituted before the Clerk of Superior Court for Wake County to establish a cartway providing access from the land of George C. Jones, Jr. (petitioner), to a public road. The action was brought under the provisions of N.C. Gen. Stat. §§ 136-68 and 136-69, as amended by Chapter 513 of the 1995 Session Laws. The 1995 legislation, which had a sunset provision of 30 June 1997, provided, in pertinent part, that a landowner who owned a tract of at least seven acres, and who desired to use it for a single-family homestead but did not have a "deeded or documented easement or right-of-way to a public road," could institute a special proceeding before the clerk to have a cartway established providing access from the petitioner's property to a public road. 1995 N.C. Sess. Laws ch. 513, § 2. The clerk is to appoint a jury of view to "lay off the cartway" on the land and to assess the damages sustained by the owners of land crossed by the cartway. *Id.*

After the report of the jury of view is filed with the clerk, any interested party may except to such report and the clerk is to determine the exceptions. *Id.* The clerk may affirm or modify the report of the jury of view, or set it aside and order a new jury of view. *Id.* "*From any final order or judgment* in said special proceeding, *any interested party may appeal to the superior court* for a jury trial de novo on all issues, including the right to relief, the location of a cartway, . . . and the assessment of damages." N.C. Gen. Stat. § 136-68 (Cum. Supp. 1997) (emphasis added).

On 18 July 1996, the clerk entered an order finding that the petitioner was entitled to a cartway, and appointing three persons as a jury of view to "lay off a cartway" on the land and to assess the damages to the owners of the property over which it crossed. The jury of view met on 24 July 1996, and orally indicated the proposed location of the cartway. As laid out by the jury of view, the cartway crossed the property of Anna Leggio (Ms. Leggio).

Petitioner moved to amend the petition to add Ms. Leggio as a party because her interests were affected by the decision of the jury of view. The clerk allowed the amendment and added Ms. Leggio as a party to the special proceeding. All of the respondents were then served with a copy of the amended petition, and filed responsive pleadings, raising various defenses. On 13 May 1997, the clerk held a hearing to allow Ms. Leggio to be heard on the issues involved in the petition. Following this hearing, the clerk issued another order dated 27 May 1997, confirming his prior decision that the petitioner was entitled to a cartway, and reappointing the prior jury of view to again go upon the land to "lay off a cartway" and assess damages.

On 3 June 1997, the jury of view "reconvened and . . . received further evidence and argument from counsel for all parties present, including counsel for [Ms.] Leggio." The jury of view apparently filed a written report of their findings on 19 June 1997, although only the first three pages of that report appear in the record on appeal. Counsel for the respondents then gave notice of appeal to the superior court from the orders entered by the clerk on 18 July 1996 and on 27 May 1997. Counsel for the petitioner filed a motion to dismiss the appeals, pointing out in part that "the Clerk of Court has not entered any order either confirming, amending or rejecting the Report of the Jury of View dated June 19, 1997, no 'final order or judgment' has been entered pursuant to which an appeal may lie under N.C.G.S. § 136-68."

The respondents then filed motions for summary judgment in the superior court. Their motions for summary judgment and the petitioner's motion to dismiss the appeal came on for hearing, and the trial court entered an order denying the respondents' motion for summary judgment, awarding summary judgment in favor of the petitioner affirming the orders of the clerk, and remanding the matter to "the Clerk's Office for hearing on any remaining motions necessary to conclude this action." The trial court found, among other things, that the respondents' notices of appeals were not timely entered. It did

not, however, rule on the petitioner's motion to dismiss the appeal. The respondents then appealed to this Court, assigning error to the denial of their motions for summary judgment and the granting of summary judgment to the petitioner.

In this case, the appeals by the respondents and the action of the trial court were premature. As the petitioner pointed out in his motion to dismiss the respondents' appeal to the superior court, no "final judgment or order" was entered by the clerk; therefore, no appeal lay to the superior court. The correct statutory procedure, as set out in the 1995 N.C. Sess. Laws ch. 513, § 2, provides that the parties could file exceptions to the report of the jury of view and the clerk could then rule on those exceptions. The statutory procedure then implies that the clerk enter a judgment setting out the location of the cartway granted to the petitioner, and assessing the damages which the petitioner must pay. From that "final judgment or order" respondents could appeal to the superior court.

Because the respondents appealed prematurely in this case, the trial court should have merely granted the petitioner's motion to dismiss the respondents' appeals, and remanded the matter to the clerk to proceed as provided by the statute. The trial court had no jurisdiction to consider the issues raised by the respondents' appeal, nor does this Court have jurisdiction to rule on the merits of the parties' arguments.

Therefore, the order entered by the trial court is vacated, and this matter is remanded to the Superior Court of Wake County with directions that the Superior Court then remand it to the Clerk of Superior Court of Wake County, in order that the Clerk may consider the report of the jury of view and take such action as is appropriate.

Vacated and remanded.

Judge TIMMONS-GOODSON concurs.

Judge LEWIS concurs with separate opinion.

Judge LEWIS concurring.

I agree that this matter must be remanded to the Superior Court. I write separately to express my opinion that the cartway statute provision cited by petitioner is unconstitutional on its face under both North Carolina's Constitution, Article I, Section 19, and under the Due

**JONES v. WINCKELMANN**

[134 N.C. App. 143 (1999)]

Process Clause of the Fourteenth Amendment of the United States Constitution.

"Cartways are regarded as *quasi*-public roads, and the condemnation of private property for such a use has been frequently sustained upon that ground as a valid exercise of the power of eminent domain." *Barber v. Griffin*, 158 N.C. 348, 350, 74 S.E. 110, 111 (1912). "It is clear that private property can be taken by exercise of the power of eminent domain only where the taking is for a public use." *Highway Commission v. Thornton*, 271 N.C. 227, 241, 156 S.E.2d 248, 259 (1967). Our Supreme Court has noted that "[w]hen the way is a private one, the right of eminent domain cannot be successfully invoked." *Cozard v. Hardwood Co.*, 139 N.C. 283, 288, 51 S.E. 932, 934 (1905). In general, cartways have been considered permissible exercises of eminent domain powers because cartways are available for public use. *Id.*

The now-repealed portion of our cartway statute authorizing petitioner essentially to condemn from his neighbors' property a driveway for his private use to his home does not support any public purpose; such a cartway is neither open to the public nor does it provide any quasi-public benefit to the community. *Accord* Kalo and Kalo, *Putting the Cartway Before the House: Statutory Easements by Necessity, or Cartways, in North Carolina*, 75 N.C.L. Rev. 1943, 1962 (1997). The statutory provision used by petitioner to assert a cartway to his private home was allowed to "sunset" by the legislature on 1 July 1997. This was a wise course of action, for I believe that portion of Act of July 29, 1995, ch. 513, sec. 2, 1995 N.C. Sess. Laws 1823, 1823-25 allowing a "private way" for "the use of land as a single-family homestead" is unconstitutional. " 'The question, what is a public use, is always one of law. Deference will be paid to the legislative judgment as expressed in enactments providing for [the] appropriation of property, but it will not be conclusive.' " *Cozard* at 295, 51 S.E. at 937 (quoting 6 Thomas M. Cooley, *Const. Lim.* 660-61 (1890)). I believe the legislature overstepped our constitution, which restricts all three branches of government, when it enacted the provision on which petitioner here relies allowing the condemnation of cartways for seven-acre private homesteads.

I concur that the appeal is not yet properly before this Court. If it were, however, petitioner would fail in his argument because his statutory authority is unconstitutional.